TIMOTHY MURPHY, ADMINISTRATOR, vs. THE DERBY
STREET RAILWAY COMPANY.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The question whether the parents of a six-year old child were negligent
or not in permitting him to be in a street unattended, is not mate-
rial in an action by the child to recover damages for personal inju-
ries. Nor is it material in an action for such injury brought by the
child's administrator, unless it affirmatively appears that the par-
ents are in a position to be benefited by the recovery.

The reasonableness of a particular precaution against danger, arising
from conditions well defined and constantly recurring, may be a
question of law.

Whenever a car of a street railway company is rapidly approaching a
point in the highway where existing conditions render it apparent
that the danger of injury to the public will be materially lessened
by sounding the bell, it is the legal duty of the company and of its
motorman to sound the bell.

A finding by the trial court of the existence of this apparent danger at
a particular time and place, must often be, as in the present instance,
a finding of the fact of negligent conduct under the peculiar cir-
cumstances of the case, and so not reviewable by this court upon
appeal.

While the failure of a six-year old boy, of ordinary intelligence, to look
in both directions for an approaching car, before running across a
street railway track, may be evidence of contributory negligence,
it is not necessarily conclusive.

Argued June 15th—decided October 4th, 1900.

ACTION to recover damages for personal injuries resulting
in the death of the plaintiff's intestate, brought to the Supe-
rior Court in New Haven County and heard in damages to
the court, *George W. Wheeler, J.;* facts found and judgment
rendered for the plaintiff for $3,000, and appeal by the de-
fendant for alleged errors in the rulings of the court. *No
error.*

The complaint alleges that the plaintiff's intestate (Wil-
liam Murphy) died from injuries caused by his being struck
and run over by a trolley-car operated by the defendant, and

that the injuries were wholly due to the negligence of the defendant. Two grounds for the claim of negligence are stated: one, that the defendant, at the time and place alleged, so carelessly and improperly operated and managed said street-car, at so great a rate of speed, without proper watchfulness and without proper control, that by reason of its negligence in that respect said car struck and ran over the said William Murphy, causing the injuries mentioned; the other, that the defendant neglected to equip said car, at said time and place, with any fender or appliance adapted to reasonably protect from injury persons having occasion to cross said street and said railroad and tracks thereon.

The defendant suffered a default and, in pursuance of the statute, gave notice that upon the hearing in damages it would offer evidence to disprove the allegation of negligence through careless operation of the car, and the allegation that said William Murphy was in the exercise of due care ; and to prove that the railroad commissioners had never made any order upon the defendant in reference to the use of fenders under the provisions of the statute in such case provided.

The trial court found that the defendant was guilty of negligence upon both grounds alleged, that contributory negligence of the plaintiff's intestate had not been proved, and rendered judgment that the plaintiff recover substantial damages.

The finding of facts shows, among other things, that at the time of the accident the street was occupied by three large carts, one (a covered cart loaded with ice) so situated that any one behind it could not see the approaching car and the motorman could not see any one behind the cart; that the car approached the ice cart at about the rate of eight miles an hour, without any sounding of the bell; that the deceased ran out from behind the ice cart to cross the street, and just as he reached the track the motorman rang the bell, the car then being about twenty-five feet off ; that the deceased stopped, seemed paralyzed with fear, and in a moment was struck, notwithstanding every effort the motorman could make to stop the car.

The finding states as fully as possible all the surrounding circumstances, including the statement that the deceased was a boy six years old of ordinary intelligence, that he had left his home, a short distance from the place of the accident, without permission, and went to the house of a lady where he was accustomed to go, and half an hour after leaving there was with some other children, unattended, playing behind the ice cart.

The court states its conclusion as follows: "The operation of the car with ordinary care at this place, and under the circumstances of this case, required that the motorman should ring his bell when approaching this crosswalk and driveway, and this covered ice cart, at a reasonable distance therefrom, and to continue to ring it at intervals when approaching the ice cart until the cart was passed, so as to give notice of the approaching car to any one in the street behind the cart, whom the cart concealed from the view of the motorman, and who was unable to see the car because of the cart;" and also required the defendant to instruct its motorman to ring as aforesaid in situations like the one appearing in evidence. "I find that the defendant has not proved either its own freedom from negligence, or the contributory negligence of the plaintiff's intestate."

The finding also states the facts from which the court drew the further conclusion that the defendant was also liable for negligence in not equipping its car with a fender.

Upon the trial the defendant made the following claims of law. 1. The defendant was not guilty of negligence. 2. It was not guilty of negligence in not having upon said car a fender. 3. It was negligence in the parents of the plaintiff's intestate to permit him to play at large unattended upon the street, as stated in the finding; said negligence of the parents contributed to the accident, and is a good defense to this action, beyond the consequences of the default. 4. Upon the facts the defendant is not liable for more than nominal damages. The court overruled all of said claims.

The appeal assigns error as follows: 1. The facts set forth in the finding do not support the conclusion of fact that the

defendant was negligent in omitting to equip its car with a fender. 2. Said facts do not support the conclusion of fact that the motorman was negligent, as found by the court. 3. Said facts do not support the conclusion of the court that the plaintiff's intestate was not guilty of contributory negligence. 4. In overruling the claims of law made upon the trial.

*Edwin B. Gager* and *George C. Bryant*, for the appellant (defendant).

*Charles S. Hamilton*, with whom was *Denis T. Walsh*, for the appellee (plaintiff).

HAMERSLEY, J. There is no error in the rulings of the court made upon the trial. The first is disposed of in treating the fourth. The second, in the view we take of the case, is not material. The third is correct. Whether parents are negligent or not in permitting a child to be in the street unattended, is an immaterial question in a suit by the child for injury to it. *Daley* v. *Norwich & W. R. Co.*, 26 Conn. 591, 598. This action is based on the injury to the child, and is brought by his administrator under the statute. If it be so that the negligence of the parents might be material in such an action by reason of their expectant participation in the distribution of the amount that might be recovered, nevertheless it must appear that the parents were in a position to be so benefited; and that fact does not appear in this case. *Atlanta & C. A. L. Ry. Co.* v. *Gravitt*, 93 Geo. 369.

The fourth is the one under which the material errors claimed are assigned. The court ruled that upon the facts the defendant was liable in substantial damages. Such a ruling in this case is equivalent to a conclusion that the facts as settled by the court establish negligence in the defendant, and do not establish contributory negligence in the plaintiff. The conclusion is final unless it appears from the record that the trial court applied to the conduct of the parties an erroneous standard of duty, or that its finding of facts was neces-

sarily influenced by the adoption of some other erroneous rule of law, or that one or more of the subordinate facts found are clearly and necessarily inconsistent with the soundness of the court's ultimate conclusion as to negligent conduct. And so the appeal assigns as error, that the subordinate facts found do not support the ultimate conclusions as to negligence, and the defendant claims in argument that these conclusions are erroneous for all the reasons above indicated.

The only error claimed in the application of a standard of duty, or other rule of law as affecting the finding of negligence in the operation of the car, relates to the duty of the motorman in sounding his bell. The duty of a corporation like the defendant, to use every reasonable precaution to minimize the danger to the public growing out of its exercise of the special privileges granted it in the use of highways, is clear. The reasonableness of a particular precaution against danger, arising from conditions well defined and constantly recurring, may be a question of law. *Bunnell* v. *Berlin Iron Bridge Co.*, 66 Conn. 24, 34. It appears from the record that the trial court ruled that whenever a car of the defendant was rapidly approaching a point where, from the existing condition and occupancy of the highway, it was apparent that the danger of injury to the public at that time and place would be materially lessened by sounding the bell, it was the duty of the defendant and of its motorman to sound the bell. This ruling is correct.

But the court went further, and found as a fact that at the time and place in question there was an apparent danger arising from the circumstances of the case, and presenting a special emergency which required the motorman, in the exercise of ordinary care, to sound his bell. It is this finding of fact which is the defendant's real grievance; but this finding of the fact of negligent conduct, under the peculiar circumstances of the case, we cannot review. It is one of those cases where it is impossible for the appellate court (no matter how detailed a statement the trial court may make), to say with certainty whether the error, if any, was in the inference of fact from the whole testimony, or in the inference

of law from the facts as they really lay in the mind of the trial court. It cannot know the precise legal inference drawn. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 191; *Lawler* v. *Hartford Street Ry. Co.*, 72 id. 74, 81.

The only error urged that could affect the conclusion as to contributory negligence, rests on the claim that a boy of six years of age of ordinary intelligence is necessarily guilty of contributory negligence in running across a street where there is a street railroad track, without looking in both directions to see if a car is then approaching.

It is, at least, doubtful whether this question is fairly raised upon the record; but assuming that it is, we think the defendant's claim is incorrect. Such conduct may be evidence of contributory negligence in a child as described, but not necessarily conclusive. The court found that under the circumstances of this case it was not conclusive, and that finding is final; *Wood* v. *Danbury*, 72 Conn. 69, 73; especially is this true when the burden rests, as it does upon a hearing in damages, on the defendant to prove contributory negligence.

The claim that the subordinate facts found, or any of them, are logically and necessarily inconsistent with the ultimate conclusions as to negligent conduct, is without merit.

There is no error in the conclusion of the trial court that the negligence of the defendant in the operation of its car was a proximate cause of the injury complained of, and that the plaintiff is entitled to recover substantial damages on that ground. This conclusion is sufficient to support the judgment, and there is no occasion to consider the alleged error of the court in holding that the defendant was also liable by reason of its negligence in omitting to equip its car with a fender.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.