JOSEPH DEMONDE, ADMINISTRATOR, *vs.* EDWIN
TARGETT.

Third Judicial District, Bridgeport, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

In an action for damages for negligently running into and killing the plaintiff's intestate, it appeared that the deceased and three companions were on the easterly side of a highway, and that the defendant, driving his automobile on the same side of the highway, saw them four hundred feet away; and there was evidence from which the jury could reasonably have found that the defendant negligently failed to sound a horn, that he negligently drove his car at an unreasonable and improper rate of speed into the deceased, and that the deceased was free from contributory negligence. *Held* that the court did not err in refusing to set aside a verdict for the plaintiff.

A driver of an automobile on a highway, who approaches a group of people within his sight for four hundred feet, and comes into collision with and kills one of them, presents a case in which the doctrine of the last-clear-chance is peculiarly applicable.

The reasonableness of a particular precaution against danger, arising from conditions well defined and constantly recurring, may be a question of law. Under such circumstances the court may properly charge that a certain definite standard of duty rests upon one, and need not leave the standard to be determined by the jury under the ordinary instruction as to due care.

The defendant assigned error in a portion of the court's charge in which it stated that due care required that when the operator of a motor-vehicle saw a pedestrian in or about to enter his course, he should sound his horn or otherwise give warning of his approach. *Held* that in view of the testimony of certain of the witnesses—although contradicted by others—that the deceased was hurrying toward the middle of the road when struck, a charge of this general character was appropriate, and that the charge as given was proper, since it could not be questioned that, under the circumstances assumed, due care did require the defendant to give warning of his approach.

In charging the jury that the measure of damages, if their verdict should be for the plaintiff, should be the economic loss which the estate of the deceased sustained by reason of her death, the court said: "It is not the value of her life to herself." There was evidence before the jury of the deceased's age, expectancy of life, and history

and activities in her household and in her husband's business. *Held* that the context removed any possible confusion arising from the words quoted; that there was sufficient basis in the evidence for the instruction as to the elements to be considered in ascertaining the loss suffered by the estate of the deceased; that the question of the loss was properly submitted to the jury; and that the result reached by them would not be disturbed.

Argued October 27th—decided November 30th, 1921.

ACTION to recover damages for negligently running into and killing the plaintiff's intestate, brought to the Superior Court in Fairfield County and tried to the jury before *Hinman, J.;* verdict and judgment for the plaintiff for $5,291, and appeal by the defendant. *No error.*

*William H. Comley,* for the appellant (defendant).

*Robert R. Rosan,* for the appellee (plaintiff).

CURTIS, J.   The defendant claims, in the first place, that under the evidence presented the jury could not reasonably have found the issues for the plaintiff, and that therefore the court erred in not granting his motion to set aside the verdict.

The plaintiff's intestate was killed in the daytime by a collision with an automobile owned and driven by the defendant, upon the easterly side of a highway in Danbury known as the Sugar Hollow Road, while the defendant was driving northerly toward Danbury.   It was not controverted that the plaintiff's intestate and three companions crossed a stonewall into this highway on its easterly side, shortly before the defendant drove over the brow of a hill in the road four hundred feet south of the place of crossing.   The defendant saw this group of people in the highway four hundred feet away, and thereafter the group of people were within sight

Demonde *v.* Targett.

from the roadway traversed by the defendant. Under the evidence the jury could reasonably have found that the defendant, after the group of people came within the range of his vision and he approached them, negligently failed to sound a warning, negligently drove his car at such speed as to be unreasonable considering the time, place and use of the highway, and such as to prevent him in the use of reasonable care from controlling his automobile so as to avoid a collision with one or more of the group of people in the highway; and negligently drove his car into the deceased, who was then standing close to or upon the easterly side of the wrought part of the highway, facing the east and bending over to pick up a wooden box at the side of the wrought road, and that the deceased was free from negligence which was a proximate cause of the collision. This ground of error is therefore untenable.

The court deeming the case, under the evidence, as one in which it should instruct the jury as to the doctrine of the last-clear-chance, instructed them in an unexceptionable way as to the relation of this doctrine to the case. The defendant claims that under the evidence the situation presented was not one where a charge as to the doctrine of the last-clear-chance was applicable. A case where a driver of an automobile on a highway approaches a group of people within his sight for four hundred feet, and comes into collision with and kills one of them, presented a case where this doctrine was peculiarly applicable. The fourth and fifth grounds of error, in the additional reasons of appeal relating to the last-clear-chance doctrine, are therefore not tenable.

The first reason of appeal relating to the charge, claims that the court erred in the first sentence of the following instruction: "As to the matter of sounding a horn or other warning, due care required that when

the operator of a motor-vehicle sees a pedestrian in
or about to enter his course he shall sound his horn
or otherwise give warning of his approach. You will
inquire first, whether, under the conditions existing,
due care required the defendant to give such warning
of his approach, and, if you determine that such warn-
ing was required, you will decide whether such warning
was given by him as reasonable care required. In this
connection I am requested to charge you and do, that
the mere sounding of a horn or signal is not in itself
sufficient to give immunity from liability, but the
operator must also operate his car under such a degree
of control as reasonable care requires."

There was testimony from two witnesses who were
approaching the place of the collision from the south in
an automobile, to the effect that when some distance
away they saw the deceased hurrying into the wrought
roadway toward the middle of the road before she was
struck. This testimony was not in accord with that
of the plaintiff's witnesses, nor with that of the de-
fendant and those with him in his car. The defendant
testified that after he passed five people of the group,
who were standing easterly of the wrought roadway, he
"saw a black object right within five feet of me, right
in front. I couldn't see the head of the person at all
as it was bending over, but it was dressed in black,
lifting a heavy box apparently." He said he did not
see her before she appeared in front of his machine, and
that he did not know where she came from.

It is apparent that the court, in the instruction as
to blowing the horn, had in mind, in the first sentence of
the instruction now complained of, the testimony of the
two witnesses to the effect that the deceased was hurry-
ing into the wrought roadway as she was struck. The
remaining portion of the charge as to the blowing
of the horn, related to the situation which the plaintiff

claimed and the defendant testified to, that the deceased was on or near the easterly edge of the wrought way bending over in order to pick up a box when struck. This latter portion of the charge was unexceptionable in relation to the situation as testified to by the defendant, in regard to the situation of the deceased at the time of the collision. It is apparent from the defendant's testimony as to where the deceased was when struck, that the attention of the jury would be confined to his claim that the deceased appeared in front of the car on the easterly edge of the wrought way stooping to pick up a box. The instruction that related to that situation was unexceptionable.

Let us assume that the jury disregarded the defendant's testimony in relation to the situation of the deceased at the time of the collision, and relied upon that of the two witnesses as stated above, who testified, in effect, that the deceased stepped from the side of the road several steps toward the middle of the road in front of the defendant's car before she was struck, and consider the portion of the charge objected to in the light of that assumption. The court instructed the jury as follows: "As to the matter of sounding a horn or other warning, due care required that when the operator of a motor-vehicle sees a pedestrian in or about to enter his course, he shall sound his horn or otherwise give warning of his approach." The defendant objects to this instruction, because it states, in the situation defined, what due care required, instead of instructing the jury that in such a situation it is for them to say what due care required; because there is no statutory rule of conduct requiring the sounding of a horn or giving of other warning in the situation defined. That there are certain definite situations constantly recurring, where the court may properly say that a certain definite standard of duty rests upon a

person, can hardly be questioned. The court is not compelled to leave the standard of duty always to the jury under the ordinary instruction as to due care. Holmes, Common Law, p. 123. "The reasonableness of a particular precaution against danger, arising from conditions well defined and constantly recurring, may be a question of law." *Murphy* v. *Derby Street Ry. Co.,* 73 Conn. 249, 253, 47 Atl. 120; *Bunnell* v. *Berlin Iron Bridge Co.,* 66 Conn. 24, 34, 33 Atl. 533. Can it be questioned that, if the driver of a motor-vehicle sees a pedestrian in his course or about to enter his course under the circumstances assumed, due care requires him to give warning of his approach? For the reasons stated we think this claim of error is not tenable.

The sixth and seventh reasons of appeal claim that the court erred in instructing the jury as in the following excerpts: 1. "If your verdict be for the plaintiff you will consider and fix the amount of damage to be awarded. The rule of damages in a case of this kind is the loss which Annie Demonde's estate has sustained by reason of her death—the value of her life to her estate. It is not the value of her life to herself." 2. "You are to take into consideration her age—testified to as thirty-four years—her expectancy of life—in this case it being agreed that the average expectancy shown by mortality tables for a woman of her years is thirty-four years—such evidence as you have of her condition of health and strength, the probable future occupation and earnings of the deceased had she lived, it being proper also to consider the probabilities of accidents or sickness, or other happenings which might intervene to affect or terminate her earning capacity—and estimate, as best you can, the pecuniary loss to her estate which arises from her death."

The context accompanying the first excerpt was as follows: "If your verdict be for the plaintiff, you will

consider and fix the amount of damage to be awarded. The rule of damages in a case of this kind is the loss which Annie Demonde's estate has sustained by reason of her death—the value of her life to her estate. It is not the value of her life to herself. Neither is it the loss which has been sustained, by reason of her death, by her family or relatives; this has no legitimate bearing on the matter at all and is not to be considered in determining the damage. Her administrator, as her representative, sues to recover for her estate, not for the sentimental loss or loss to others occasioned by her death, but for the economic loss which her estate sustained by reason of her death and the consequent cutting off of her earning power, thereby depriving her estate of the benefit reasonably to be expected if she had continued to live the ordinary expectation of human life, not exceeding, of course, the amount of damages claimed in the complaint."

The defendant urges that the last sentence in the first excerpt, reading: "It is not the value of her life to herself," renders the charge confusing and misleading. In the context accompanying the excerpt complained of, the court instructed the jury as follows: "Her administrator, as her representative, sues to recover for her estate, not for the sentimental loss or loss to others occasioned by her death, but for the economic loss which her estate sustained by reason of her death and consequent cutting off of her earning power, thereby depriving her estate of the benefit reasonably to be expected if she had continued to live the ordinary expectation of human life, not exceeding, of course, the amount of damages claimed in the complaint." This context removes any confusion that could reasonably be claimed to arise from the sentence objected to, appearing in the first excerpt.

The objection to the second excerpt is that there was

no sufficient basis for this instruction in the evidence. There was evidence of the decedent's age, history and activities in her household and in her husband's business, together with her expectance of life in accord with the expectancy tables. Under this evidence the question of the loss suffered by her estate was properly left to the jury.

The claim that the court erred in not granting the defendant's motion to set aside the verdict as excessive, is not tenable, for the reasons just stated in discussing the seventh reason of appeal.

The remaining reasons of appeal are so obviously untenable, or the alleged errors so harmless, as not to justify discussion.

There is no error.

In this opinion the other judges concurred.