FRANCIS P. GUILFOILE, ADMINISTRATOR, *vs.* FRED
SMITH ALIAS FRED SMELEFSKY.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and KEELER, Js.

The plaintiff's intestate, while riding as a passenger with six others in
an automobile owned and driven by the defendant, sat on the knees
of another passenger upon the left side of the rear seat of the car
with his left leg protruding over that side; and while in this situa-
tion the automobile collided with an iron water-tank and the
intestate received injuries which shortly thereafter resulted in
his death. *Held:*—

1. That the jury might reasonably have found that the decedent was
negligent, and that such negligence was a proximate cause of his
injury.

2. That the conduct of a passenger as above described was obviously
negligent, and might properly be so characterized by the trial
court in its charge.

Evidence given by a witness upon a former trial is admissible to
qualify or contradict his present testimony, and thus affect his
credibility.

Conduct may be so manifestly negligent as to justify a trial court in so
describing it.

Argued January 18th—decided February 21st, 1922.

ACTION to recover damages for personal injuries
resulting in the death of the plaintiff's intestate, and
alleged to have been caused by the negligence of the
defendant, brought to the Superior Court in New
Haven County and tried to the jury before *Kellogg, J.;*
verdict and judgment for the defendant, and appeal
by the plaintiff. *No error.*

*Frank P. McEvoy,* for the appellant (plaintiff).

*Henry J. Marks* and *Reinhart L. Gideon,* for the
appellee (defendant).

CURTIS, J. This case was before us on an appeal from the denial of a motion to set aside a nonsuit. *Guilfoile* v. *Smith*, 95 Conn. 442, 111 Atl. 593.

The plaintiff's intestate and six other young men, in the early evening of March 2d, 1919, were riding in the Ford automobile of the defendant, a two-seated, five passenger car, in a southerly direction on Main Street in East Hartford. The defendant was carrying the party either gratuitously or as a private carrier for hire.

There was a permanent, iron water-tank in the roadway of Main Street, three and one half feet in diameter and four and one half feet high. The defendant, driving southerly, drove his car so that it came into contact with the tank, and the plaintiff's intestate fell from the car and received injuries which resulted in his death.

We are satisfied that under the evidence, all of which is in the record, the jury could not reasonably have found that the defendant was free from negligence which was a proximate cause of the collision with the tank and the injuries to the plaintiff's intestate. This leaves for determination the following questions: 1. Could the jury reasonably have found that the intestate was guilty of contributory negligence? 2. Did the court err in charging the jury in any matter relating to the contributory negligence of the intestate? 3. Did the court err in the admission of evidence as claimed in the 17th assignment of error?

It is not disputed that three persons were seated on the rear seat of the car with three others sitting on their knees. The jury could reasonably have found that the deceased sat on the rear seat on the left side of the car on the knee of one of the party, with his right leg in the car and his left leg out of the car; that while the deceased was in such situation, the defendant drove his

car slowly, so near the water-tank that the rear fender on the left side of the car came into slight contact with the tank, but without sufficient force to damage the fender; that the deceased fell from the car upon such contact and received such injuries to his abdomen as caused his death. The jury could reasonably have found that the contact of the car with the tank was not of such violence as to throw the deceased from the car, and that his fall was caused by his left foot and leg extending from the car so far as to cause the foot and leg to be caught between the car and the tank, thereby pulling the deceased from the car as the car passed forward. The jury, therefore, could reasonably have found that the deceased was negligent in riding with his left leg and foot so projecting from the car, and that such negligence was the proximate cause of the fall and injury.

We will now consider the claimed errors in the charge relating to contributory negligence. The error claimed in the sixth reason of appeal is untenable. The court charged as follows: "A passenger riding in an automobile in the street of a populous community with one leg protruding from one of the doors of the car in such a way as to make it liable to come in contact with passing objects, is negligent in conduct, and the defendant would not be liable if this negligence was a proximate cause of his injuries." Certain conduct may be so obviously negligent as to justify a court in so describing it, and the conduct described by the court is of this character. *Murphy* v. *Derby Street Ry. Co.,* 73 Conn. 249, 47 Atl. 120; *Guilfoile* v. *Smith,* 95 Conn. 442, 111 Atl. 593.

There was no error in the charge of the court referred to in the tenth and eleventh assignments of error. The court, in the portion of its charge objected to in the tenth and eleventh assignments of error, was

merely stating the claims of the defendant as to what the jury might find that the evidence proved, namely, that the deceased was guilty of contributory negligence, in that he sat in the car with his left leg and foot protruding from the car. This is so clearly the import of the portions of the charge objected to, that there is no occasion to quote them. We find, therefore, no error in the charge of the court relating to contributory negligence on the part of the deceased.

There remains for consideration the 17th assignment of error, to the effect that the court erred in the admission of certain evidence. Upon the trial Peter Yankosky, a brother of the deceased and one of the party riding in the car of the defendant on the rear seat, was a witness for the plaintiff. He testified as to the collision and its results in substance as follows: The automobile struck the water-tank on the left side, on the left side front, and Anthony was knocked out on the left side of the car, the left side of the automobile being tipped up a little. Anthony was sitting on another fellow's knee. His right leg was in the car and the left foot was out of the car, and was kept tight against the door to keep it steady. In rebuttal, the defendant offered testimony of Peter Yankosky given on a former trial (when a nonsuit was granted) to this effect: My brother was sitting in the rear of the car on another fellow's knee, one leg was inside the car and the other was outside the car, the automobile struck the tank and it pulled him out. "The automobile on the right side lifted him up a little bit and he got squeezed." To the admission of this evidence the plaintiff objected and upon its admission duly excepted. In the testimony of the witness on the former trial, there are the following variances from his testimony given on this trial: 1. On this trial he testified that the left foot of his brother, the deceased, was

out of the car and kept tight against the door. On the former trial, he testified that the left leg was out of the car. 2. On this trial he testified that on the collision of the car with the tank, the deceased was knocked out of the car. On the former trial, he testified that on the collision the deceased was pulled out of the car and got squeezed. We are satisfied that the evidence of Peter Yankosky given on the former trial was properly admitted to impeach him. It presents a case of a witness.describing an occurrence in two ways inconsistent with each other.

There is no error.

In this opinion the other judges concurred.