Salemme *v.* Mulloy.

---

ALESANDRO SALEMME, ADMINISTRATOR, *vs.* DANIEL
C. MULLOY.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

An operator of a motor-vehicle who does not know of the presence of a trespasser upon the vehicle, owes no duty to such a trespasser, and negligent driving, however gross, does not entitle the trespasser to recover.

When the presence of a trespasser in a position of peril becomes known to the owner, the duty then arises of using due care to avoid injuring him.

Salemme *v.* Mulloy.

It is not a duty resting upon the operator of a motor-vehicle to use due care to anticipate and discover the presence of a trespasser on his car.

In the present case the trial court charged that the plaintiff must prove that his decedent was in the exercise of due care at the time of the injury, and that this involved proving that his injuries were not caused by his own lack of due care; that a lack of due care was contributory negligence, which was negligence by the decedent which materially contributed to cause the injury; that the negligence of the defendant must be the proximate and efficient cause of the injury to be a ground of recovery, and that the negligence of the decedent must be a proximate and efficient contributing cause of the injury to bar a recovery. *Held* that these instructions afforded the plaintiff no ground for claiming error in respect to the burden of proof.

Where the terms "negligence," "contributory negligence" and "condition" as distinguished from "cause," are adequately and correctly explained in the charge taken as a whole, error is not established by culling out of the charge one statement in relation to a term and subjecting it to meticulous analysis.

It is within the discretion of the trial court whether or not to comment upon declarations of a decedent given in evidence, and its omission to specifically call the attention of the jury to them is not error.

The glare of an approaching headlight and its effect upon the operator of a car going in the opposite direction, is a circumstance to be considered in determining whether his conduct at that time was or was not negligent.

In certain definite situations constantly recurring in experience, a trial court may properly instruct the jury that a specific duty or standard of duty rests upon a person, without infringing upon their province in so doing; for instance, that certain conduct in such a situation would be negligent.

An assignment of error that the charge of the trial court, taken as a whole, is inadequate, is too general, and is not entitled to consideration by this court.

Argued June 13th—decided July 27th, 1923.

ACTION for damages for causing the death of the plaintiff's intestate by negligence, brought to the Superior Court in New Haven County and tried to the jury before *Banks, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

Upon the trial the plaintiff claimed to have proved the following facts: The decedent, Antimo Salemme,

on the evening of November 8th, 1920, was a passenger in an automobile of the defendant by his invitation. The car was a Ford runabout with one seat, and a top which was then up over the seat, and a box body back of the seat about four feet wide and five feet in length, having straight sides about six inches high. The car was a left-hand drive and was equipped with proper lights and brakes, and was going westerly on the Milford turnpike and was easterly of the Race Brook road. The evening was clear and dark. Riding upon the car at the invitation of the defendant at the time of the accident were the plaintiff's decedent, aged eighteen years, his brother Charles Salemme, aged twenty-one years, and their two cousins, Joseph Reinzo, aged twenty-one years, and Charles Reinzo, aged twenty-two, all farmers. Joseph Reinzo was sitting on the seat at the right of the defendant, Charles Reinzo was standing on the running-board at the left side of the machine, and the two Salemmes were standing on the opposite running-board, Charles being nearest the front of the car. Charles Salemme was holding onto the upright of the windshield and glass with his right hand, and the top of the seat with the other hand. Antimo Salemme was holding onto the edge of the body or door with his right hand, and the top upright or top of body or seat with the other. Charles had his left arm around Antimo. The decedent was in vigorous health, strong and active. The defendant, at the time the young men boarded the car, was intoxicated, and drove his car in such a zigzag manner that it was apparent to the decedent and to at least one of the other passengers that he was intoxicated. The road westerly from where the decedent boarded the car was practically straight with slight changes of grade, and was of concrete surface of about sixteen and one half feet in width with level gravelled

shoulders on each side of three or four feet. Vehicles approaching from the west could be seen more than a half mile away. While these young men were on the car it ran, by estimation, from twelve to thirty-two miles an hour, and did not stop. After leaving the place where the decedent and his companions got on the car, they rode westerly along the turnpike to a point about three hundred feet easterly of the intersection of the Race Brook road, where the defendant's car collided with a standing truck headed in the same direction. The truck with which defendant's car collided was a Mack with a rack body and was about eight feet wide, and was standing on the northerly side substantially parallel with the roadway, with its right wheels off the concrete surface and its left wheels on the concrete surface about one and one half feet from its northerly edge, its rear light, a red lantern, was lighted and plainly visible from the rear for a distance of two city blocks or more. The decedent either jumped or was thrown from the running-board of defendant's car, striking the corner of the truck, thereby receiving the injuries from which he died. There was no traffic in either direction at or about the time of the collision. One or more of the decedent's companions asked the defendant to stop and let them alight because of his intoxication. The defendant refused.

The defendant claimed to have proved facts as follows: On the evening in question he was driving his Ford runabout on the Milford turnpike with three bags of meal in the rear box; the top was up over the seat and the right-hand curtain was up. He was signalled to stop by some one, and saw at the roadside someone he knew and he invited him to ride. He also saw in the darkness another person, and later found that this person was riding on the left running-board. He did not see or know that two others, the

decedent and his brother, had got on the right-hand running-board or were riding there, and he did not know it before the collision. There was ample room in the box for the persons standing on the running-boards. The defendant was not intoxicated and had not been drinking, drove his car at from twelve to fifteen miles an hour, and was not requested to stop or permit any other to drive the car. He saw the rear light of the Mack truck ahead when one hundred and fifty feet away, and saw the truck standing with about four and a half feet of it on the concrete. As the defendant approached the truck he slowed down the speed of his car to about ten miles an hour. It was necessary for him to turn to the left in order to pass by the truck standing as described. Just as he was about passing the truck he was blinded by the glaring headlights of a car which was coming toward him. As he turned to the left and was passing the truck, the body of the plaintiff's intestate struck the left rear corner of the truck, and caused the car driven by the defendant to swerve suddenly to the right, so that the front end of the Ford car ran under the middle of the big truck, between the front and rear axles. The defendant had turned far enough out to avoid striking the truck and would have avoided striking the same, had it not been that the body of the plaintiff's intestate came in contact with the left rear corner of the truck as above described, causing the Ford car to swerve into the truck as above recited. The blow ruptured the liver of the decedent and caused his death.

*Milton C. Isbell* and *Charles G. Roth,* for the appellant (plaintiff).

*Walter J. Walsh* and *Edward P. O'Meara,* for the appellee (defendant).

CURTIS, J. The plaintiff moved that the verdict be set aside as against the evidence. An examination of the evidence discloses that the jury could reasonably have found the issues for the defendant.

The reasons of appeal relate to the refusal of the court to charge as requested, and to claimed error in the charge given. Under the facts claimed to have been proved, the decedent might have been found to have stood in one of three relations to the defendant: As a passenger riding by invitation; as a trespasser on the car without the knowledge of the defendant; as a trespasser on the car with the defendant's knowledge. The plaintiff in his fifth reason of appeal claims that the court erred in charging as follows: "Even though Tony got upon the defendant's car as a trespasser—that is, wrongfully and without his permission expressed or implied, as the defendant claims—still if the defendant knew of his presence in a place of danger it was his duty to use ordinary care, that is, the care of an ordinarily prudent person, to avoid injuring him. He was not bound to keep a lookout for trespassers on his car, or to keep his car in a safe condition for the carrying of trespassers. But if he knew he was there and in a position of peril, he was bound to use reasonable care not to increase the hazard. If, on the other hand, the defendant did not know of Tony's presence on the running-board, then he owed him no duty except to refrain from wilful injury or such gross and wanton recklessness and negligence as is the equivalent of wilful conduct. If you should find that the defendant knew that Tony and his brother got on the running-board of his car when he stopped, or discovered their presence there prior to the collision and permitted them to remain on, you would be justified in finding that they were there upon his implied permission, and thus he owed them the duty,

as I have stated to you, of being free from doing any negligent act or creating a new danger to which they were exposed while they were aboard; if he was guilty of some such negligent act your verdict should be in favor of the plaintiff."

This instruction was not open to objection by the plaintiff. It was more favorable to him than he could reasonably have asked. The court charges, in substance, that if the decedent was a trespasser on the car, without the defendant's knowledge, the defendant owed him no duty except to refrain from wilful injury or such gross negligence as is equivalent to it. Under this charge the jury, if they found that the decedent was riding on the car as a trespasser, without the defendant's knowledge, and also found that the defendant was grossly negligent in driving his car, and that such negligence was the proximate cause of the injury to the decedent, could have found the issues for the plaintiff. If the decedent was a trespasser on the car without the knowledge of the defendant, there was no duty that the defendant owed to him, and negligent driving however gross would not entitle such a trespasser to recover. We have established the duty that an owner owes to a trespasser as follows: "When the presence of a trespasser in a position of peril becomes known, the duty then arises of using ordinary care to avoid injuring him." *Kalmich* v. *White*, 95 Conn. 568, 571, 111 Atl. 845. The law is often stated less favorably to the trespasser, as follows: "No duty exists toward trespassers except to refrain from wantonly or wilfully injuring them." It is obvious that such duty can only arise when the fact is known that some person is a trespasser. A duty to refrain from wantonly or wilfully injuring a trespasser, necessarily implies that the person on whom the duty rests knows of the presence of the trespasser in a place of possible danger. Before this knowledge

exists there can be no duty owing to the trespasser. *Singleton* v. *Felton*, 42 C. C. A. 57, 101 Fed. Rep. 526. The fifth reason of appeal is therefore without merit.

The sixth reason of appeal, which seems to be the one mainly relied upon, is as follows: "The action of the trial court, in view of the foregoing instruction, in failing to also charge the jury as to the effect of any knowledge which the jury found he should have possessed under all the attending circumstances." This claim is based on the assumption that, although the presence of the trespasser on the automobile was unknown, yet the driver of the car owed him the duty of using due care to acquire knowledge of his presence. It is not a duty resting upon a driver of an automobile to use due care to anticipate and discover the presence of a trespasser on his car. Burdick on Torts (3d Ed.) p. 518, § 556, in stating the duty of a landowner to a trespasser, indicates also the duty of an owner to a trespasser upon personal property. "The landowner is bound not to . . . subject him to harm by wilful, reckless or wanton conduct. He is under no duty, however, to anticipate the presence of trespassers, or to regulate his business conduct with a view to safeguarding them. . . . He is not required to use care to anticipate and discover the peril of such a person, but only to do so [use care] after the discovery of the danger. Until then, no legal duty is imposed, because no one by a wrongful act can impose a duty upon another." This claim of error, therefore, cannot be sustained.

The plaintiff's claim that the court erred in its charge as to the burden of proof, is groundless; in the early part of the charge, the court stated that the plaintiff must prove that the decedent "was in the exercise of due care at the time of his injury"; later the court made it clear that this involved proving

that "his injuries were not caused by his own lack of due care," and that a lack of due care was contributory negligence, which was negligence by the decedent which materially contributed to cause the injury. The court charged in effect that the negligence of the defendant must be the proximate and efficient cause of the injury to be a ground of recovery, and that the negligence of the decedent must be a proximate and efficient contributing cause of the injury to bar a recovery.

The plaintiff claims that the court erred in defining the meaning of the terms negligence, contributory negligence, and condition as distinguished from cause. Taking the charge as a whole, the meaning of these terms was correctly and adequately explained to the jury. It must be borne in mind that in criticising the definition of terms in a charge, the charge must be considered as a whole, and that culling out of a charge one statement in relation to a term and subjecting it to a meticulous analysis does not establish error, if the treatment of the term in the whole charge both by definition and application is sufficient to adequately guide the jury. There was, therefore, no error in this particular.

The plaintiff claims that the court erred in not making specific reference, as requested, to the evidence given of declarations by the decedent which were admitted under § 5735. It was within the discretion of the court whether or not to comment upon this evidence, and a failure to do so was not error. *Gett* v. *Isaacson,* 98 Conn. 539, 120 Atl. 156.

The plaintiff claims that the court erred in its charge relating to the defendant's claim that as he approached the truck where the injury occurred, his vision was affected (blinded) by the headlight of a car approaching from the west, and that he mistook the amount of room

that he should allow for passing the truck. The charge of the court was to the effect that such glare of the headlight and its effect on the defendant was a circumstance, if proven, to be considered in determining whether at the time in question his conduct was negligent; that if the jury found that he was not negligent but drove nearer the truck than he otherwise would, such misjudgment (if not negligence) would not subject him to liability. There was clearly no error in this particular.

The plaintiff claims that the court erred in its comments upon the admitted fact that the decedent was riding upon the right-hand running-board of the car. We have frequently held that in certain definite situations constantly recurring in experience, a trial court may properly say that a certain definite standard of duty rests upon a person in such a situation, without infringing upon the province of the jury. For instance, that certain conduct in such a situation would constitute a want of due care. *Demonde* v. *Targett,* 97 Conn. 59, 63, 64, 115 Atl. 470; *Murphy* v. *Derby Street Ry. Co.,* 73 Conn. 249, 253, 47 Atl. 120; *Bunnell* v. *Berlin Iron Bridge Co.,* 66 Conn. 24, 34, 33 Atl. 533; *Guilfoile* v. *Smith,* 97 Conn. 271, 273, 116 Atl. 237. The court stated to the jury that "to ride on the running-board of a moving automobile is necessarily attended with greater danger than to ride inside the body of the car, and when one chooses to do so he must exercise a greater degree of care and diligence than when riding inside the car, as the greater the danger the greater the care that must be exercised." In *Guilfoile* v. *Smith,* 97 Conn. 271, 273, 116 Atl. 237, we held that it was not error for the trial court to charge that "a passenger riding in an automobile in the street of a populous community with one leg protruding from one of the doors of the car in such a way as to make it

liable to come in contact with passing objects, is negligent in conduct." In view of the holdings of this court above indicated, the action of the trial court complained of in the fourteenth, fifteenth, and sixteenth reasons of appeal was clearly within its discretion and free from error.

The seventeenth, eighteenth, nineteenth and twentieth assignments of error are, in substance, that the charge taken as a whole was inadequate. These are not sufficient allegations of error for us to consider. *Fagerholm* v. *Nielson*, 93 Conn. 380, 387, 106 Atl. 333.

The assignments of error not specifically considered are too obviously untenable to merit discussion.

There is no error.

In this opinion the other judges concurred.