### JOHN P. HARBISON, ADMINISTRATOR, *vs.* JOHN BARWINSKY.

First Judicial District, Hartford, March Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

A remark of caution or admonition addressed by one of the occupants .of an automobile to the driver of the car shortly before an accident —which was alleged to be due to his negligence,—is admissible in evidence as tending to prove what his conduct then was in the operation of the automobile; and if the circumstances were such as to call for such an expression from the occupants, the fact that one or more of them gave utterance to it would be admissible to show that this duty had been discharged.

As bearing upon the earning power or capacity of a decedent, evidence that he was able to, and did, send money abroad to his parents, is admissible.

Argued March 6th—decided March 31st, 1924.

ACTION to recover damages for causing the death of the plaintiff's intestate by negligence of the defendant, brought to and tried by the Superior Court in Hartford County, *Maltbie, J.;* facts found and judgment rendered for the plaintiff for $5,000, and appeal by the defendant. *No error.*

*J. Gilbert Calhoun,* for the appellant (defendant).

*Ralph O. Wells,* for the appellee (plaintiff).

WHEELER, C. J. The errors pursued are those arising out of two rulings on evidence. The plaintiff's intestate on May 20th, 1923, was a passenger at the invitation of the defendant and seated on the rear seat of a touring car owned and operated by the defendant when the car overturned as a result of defendant's negligence, in consequence of which the plaintiff's intestate

was fatally injured and died the same day.  In addition to the plaintiff's intestate and the defendant, there were in the car four other adults and two children.  One of the passengers in the automobile testified in behalf of the plaintiff and was inquired of on his direct examination as follows:  "Q.  Before the accident happened had any of the people in the car said anything to John Barwinsky with reference to the speed of the car?"  The question was admitted over the defendant's objection that it was irrelevant and immaterial and hearsay, as bearing both upon the issue of the negligence of the defendant and the contributory negligence of the plaintiff.  The witness answered:  "She told him not to drive so fast."  The ruling was right.  Any direction or suggestion made to the driver of the car concerning his conduct in the operation of the car was a circumstance to be considered in weighing that conduct.  What he did, and what he was warned or asked not to do, and what caution was given him, were all relevant and material upon the issue of his negligence.  If the circumstances were such as to have made it the duty of the plaintiff's intestate to caution or warn the operator of the car as to its operation, the fact that the plaintiff's intestate had so warned or cautioned the driver, or that another passenger in the hearing of the plaintiff's intestate had done so, would be relevant to show that he had performed this duty, or that someone else had.  If another had done this, in the hearing of plaintiff's intestate, there would ordinarily be no occasion for the intestate to do this.

One of the allegations of the complaint was that the plaintiff's intestate was "earning substantially more than he spent."  The plaintiff inquired of one of his witnesses on her direct examination:  "Q.  Now was your brother Steve sending any money to them?  [refering to his parents]."  The question was claimed upon

the ground that proof of the intestate's ability to save above his necessary living expenses had a direct bearing upon his earning capacity, and hence upon the value of his life to his estate. It was admitted in proof that he "earned above the necessities of his own life." No objection was made to this offer, or exception taken to the ruling. The evidence was admissible not in proof of the intestate's habit or characteristic of saving, but of his earning power. It followed the allegation of the complaint. The elements to be considered in ascertaining the damages to an estate in consequence of the death of its intestate have been again stated in the recent case of *Demonde* v. *Targett*, 97 Conn. 59, 65, 115 Atl. 470. The charge of the trial court in that case is as definite as the subject will admit of, and compactly states our established rule. *Broughel* v. *Southern New England Telephone Co.*, 73 Conn. 614, 621, 48 Atl. 751; *Lane* v. *United Electric Light & Water Co.*, 90 Conn. 35, 38, 96 Atl. 155; *Schrayer* v. *Bishop*, 92 Conn. 677, 681, 104 Atl. 349.

There is no error.

In this opinion the other judges concurred.