TESSIE MUCHISKY vs. ANDREW KORZEN.

PETER MUCHISKY vs. ANDREW KORZEN.

MALTBIE, C. J., HAINES, HINMAN, AVERY and FOSTER, Js.
Argued May 9th—decided July 12th, 1935.

*David M. Reilly*, with whom was *Carl Anderson*, for the appellants (plaintiffs).

*Adrian W. Maher*, with whom was *Martin E. Gormley*, for the appellee (defendant).

PER CURIAM. The plaintiffs, husband and wife, brought these actions to recover damages arising out of the alleged negligence of the defendant in driving his automobile so as to run into the wife while she was standing in the highway waiting to board a trolley car. They seek corrections in the portion of the finding which purported to state the facts they claim to have proved. The trial court deleted from their draft-finding a number of statements with the result that the finding is much less favorable to them than their claims. The statements so deleted have adequate support in the evidence annexed by the plaintiffs to their assignments of error, which, in the absence of any countervailing evidence made a part of the record by the defendant, or any claim that there was such evidence, we assume to contain all the relevant testimony. But no purpose would be served by making the corrections as they would not materially affect the plaintiffs' claims of error in law.

The plaintiffs particularly stress a portion of the charge dealing with the testimony of the plaintiff Tessie Muchinsky in which the trial court referred to certain conflicting testimony she had given as indicating to it a willingness on her part to testify falsely. But the trial court immediately thereafter charged the

jury that it was their function and not that of the court to determine the credit to be given to her testimony; and twice later in the charge it instructed them that it was their sole function to determine the credibility or weight of the testimony offered. The plaintiff's claim that the trial court misstated the evidence cannot be considered because it finds no support in the finding and we cannot have recourse to the evidence. While the comment of the court went close to the permissible bounds, we cannot, in view of its reiterated charge that it was for the jury to determine the credibility and weight to be given the testimony, hold that it erred in this regard.

The plaintiffs also claim that the trial court failed adequately to charge the jury with reference to their claims that the defendant was negligent in not keeping a proper outlook and in not having his car in proper control. The court specifically informed the jury that the plaintiff was claiming that the defendant was negligent in these respects and charged them rather fully as to his duty to exercise reasonable care. The jury could not well have failed to apply the later instruction to the claims of negligence previously stated; and, if the plaintiffs desired specific reference to be made to the duty of the defendant to exercise reasonable care as applied to particular circumstances involved in the case, or to certain other matters referred to in the assignments of error, they should have filed a request to charge. The charge as given was a sufficient guide for the jury to enable them to apply the rules of law to the facts they might find proven.

There is no error.