JANICE LANE *v.* EUGENE R. LUDEMAN, JR.

M'ALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 4—decided June 15, 1944.

*Warren Maxwell,* with whom, on the brief, were *Kimberly Cheney* and *Frederick H. Waterhouse,* for the appellant (plaintiff).

*Cyril Coleman,* with whom was *Eugene A. Massey,* for the appellee (defendant).

BROWN, J. The three-year-old plaintiff was struck by the defendant's automobile when she ran in front of it. In this action for damages, in which it was alleged that the plaintiff's personal injuries were due to the negligence of the defendant, the jury found for the latter. The plaintiff has appealed from the judgment, assigning errors in the court's charge to the jury. The sole issue presented for determination is whether the court's charge concerning the defendant's failure to give any warning of his approach was erroneous.

Hill Street in East Hartford, where the accident happened, is a straight, level, hard-surfaced highway sixteen feet wide with a two-foot shoulder on each side and extends in an easterly and westerly direction. It has no curbs or sidewalks, the lawns on either side abutting the outer edge of the shoulder. Along its north side a row of houses sets back fifty-two feet from the north edge of the shoulder. There are no trees, shrubs or other fixed obstacles to vision on this side. At about half past three in the afternoon of September 13, 1940, just prior to the accident, a Cadillac sedan headed east was parked with its left wheels at the north edge of the north shoulder opposite the walk leading into the Gallup residence. As a school bus slowed down for its stop at a point about three hundred and forty-three feet east of the Gallup lawn, the defendant driving his Ford sedan overtook and passed it on its left. There was no other traffic. When the front of the defendant's automobile reached a point just west of the rear of the parked Cadillac car, it collided with the plaintiff as she ran from behind the car toward the south side of the street, and inflicted serious injuries. The defendant gave no warning of his approach and did not discover the presence of the plaintiff on the highway until after she was struck. These facts are undisputed.

The plaintiff's claims of proof in the finding, which is not subject to correction, set forth these further material facts: When the defendant's car was seven or eight hundred feet easterly from the Gallup house, the plaintiff and two other little girls of her own age were playing on the Gallup lawn and were visible to the defendant. His car was proceeding at thirty-five miles an hour as it overtook and passed the bus. He continued on at unabated speed and, without sounding signal or warning of any kind, passed the parked car as close to its right side as he could without hitting it. The plaintiff ran from near the center of the lawn past the rear of the parked car to the point where she was struck. The defendant daily drove along this street at about half past three in the afternoon on his way to work and knew that small children lived in the houses there.

The defendant's claims of proof in substance were: The plaintiff, having come across from her home on the south side of the street, began to play with the other two little girls in front of the Gallup house. They played back and forth from the lawn to the parked car under the observation of Mrs. Gallup, who sat looking out through her front screen door. As the bus decreased its speed for the stop above referred to, the defendant, who was following it, turned to the left and proceeded to pass it at a speed of about twenty-five miles per hour. Up to this time the defendant did not and could not see the children because his view was shut off by the bus. When he so proceeded to pass he did have an unobstructed view ahead, but by that time the three children had seated themselves on the left-hand running board of the parked car where they were not and could not be seen by the defendant. Thereupon, the plaintiff's mother, looking across the street from her front door and being unable to see the

plaintiff, called "Janice," and Mrs. Gallup called back that the children were all right. At the same time, the plaintiff jumped up from the westerly end of the running board and ran around the rear end of the parked car into the street. When she jumped up, the defendant's car was approximately one length east of the parked car. As she ran out from behind it she was struck instantaneously. The defendant did not see her at any time before the impact. She was so small and his car was so close to her when she ran out that the first glimpse he had of her was her hair blowing over the top of the radiator as she was carried along by the car before he brought it to a stop. The defendant reasonably did not anticipate the presence of the plaintiff at or near the parked car. He was confronted with a sudden emergency not of his own making, and her injuries were due entirely to an unavoidable accident without fault on his part.

The claim of the plaintiff, that the court's instructions concerning the defendant's failure to give her any warning of his approach were erroneous, is twofold, first that the court should have charged that this constituted negligence per se, and second that it failed to state the law applicable to this conduct of the defendant. In support of the former contention the plaintiff relies upon this court's decision in *Demonde* v. *Targett,* 97 Conn. 59, 115 Atl. 470. The opinion in that case at page 64 contains this statement: "The reasonableness of a particular precaution against danger, arising from conditions well defined and constantly recurring, may be a question of law. *Murphy* v. *Derby Street Ry. Co.,* 73 Conn. 249, 253, 47 Atl. 120; *Bunnell* v. *Berlin Iron Bridge Co.,* 66 Conn. 24, 34, 33 Atl. 533." While on that appeal, as here, the charge under consideration related to the failure of a defendant driver to sound a warning for a plaintiff pedestrian, and this

court held that the court was justified in charging that due care required the defendant driver to give warning of his approach, this conclusion, as is clear from the record, was predicated upon the fact of the driver's seeing the pedestrian either in or about to enter his course.

In the instant case, upon the finding it was open to the jury to find that the plaintiff was not in the course of the defendant and that he neither saw nor was charged with seeing that she was about to enter it. Assuming that the defendant should have seen the three-year-old plaintiff at play on the lawn, or even starting to run toward the street where the car was parked, in view of the distance to be traversed before she could enter his course and the uncertainty as to her continuing or not continuing on until she reached it, whether he should have sounded a warning depends not upon the bald facts stated but upon the circumstances of the whole situation. The relevant conditions of such a case cannot be said to be "well defined and constantly recurring" (*Sacks* v. *Connecticut Co.*, 109 Conn. 221, 230, 146 Atl. 494) or to present a plight on the part of the defendant where there would be a "general agreement of men's judgment" that the bald facts imposed the duty. *Belledeau* v. *Connecticut Co.*, 110 Conn. 625, 632, 149 Atl. 127. It cannot be said that upon the basis of these facts the standard of care is necessarily fixed and so one of law.

The answer to the plaintiff's second contention is that the court did charge the law applicable to the defendant's failure to sound a signal or warning. The court read to the jury the specifications of negligence in the plaintiff's complaint, including the allegation that the defendant was negligent "in failing to give any warning of his approach." It then made clear that proof that "the defendant failed in his legal duty"

in this respect would constitute actionable negligence, and explained what that duty was. It also gave a thorough discussion and definition of negligence, the accuracy and completeness of which is not questioned by the plaintiff. It is therefore apparent that her real claim is not that the court failed to charge on the lack of warning but that, in the words of her brief, its "inadvertent omission to give to the jury specific instructions pertinent thereto materially prejudiced her." The plaintiff filed no request to charge. Nor have her counsel, either by brief or argument in this court, suggested what the instructions are which the court should have given. It might have further charged specifically: "If you find that the ordinary prudent man, under the circumstances which you find existed by reason of the presence of the children, would have sounded his horn, you should find that the failure of the defendant to do so constituted negligence upon his part." Such an instruction would have been proper, but was not essential. It would have comprised at most a concise and concrete reiteration of essential principles already stated in the charge as given. What this court said of a similar situation in *Muchisky* v. *Korzen,* 120 Conn. 686, 688, 180 Atl. 691, applies with equal force here: "The court specifically informed the jury that the plaintiff was claiming that the defendant was negligent in these respects and charged them rather fully as to his duty to exercise reasonable care. The jury could not well have failed to apply the later instruction to the claims of negligence previously stated; and, if the plaintiffs desired specific reference to be made to the duty of the defendant to exercise reasonable care as applied to particular circumstances involved in the case, or to certain other matters referred to in the assignments of error, they should have filed a request to charge. The charge as given was a

sufficient guide for the jury to enable them to apply the rules of law to the facts they might find proven." See also *Bourk* v. *Holmberg*, 123 Conn. 682, 683, 194 Atl. 726; *Miller* v. *Stamford Transit Co.*, 130 Conn. 63, 66, 32 Atl. (2d) 53.

The plaintiff further urges that the charge, notwithstanding these authorities, "by its very completeness, logical presentation and detail, particularly its full explanation of the law pertaining to speed, lookout and control [the other three specifications of negligence in the complaint], focused more sharply its omission to refer to such duty to warn as would have been reasonably required under the existing circumstances, and conceivably could have caused the jury to give this vital phase of the case scant or no consideration," and that this resulted in error entitling the plaintiff to a new trial. During the charge the court repeatedly stated that proof of one or more of the allegations of negligence in the complaint was essential to recovery and it specifically referred to these, twice prior to and five times after the "explanation" to which the plaintiff refers. Under the circumstances we are satisfied that the jury could not have been misled as is claimed, but rather that this case falls within the usual rule that, where the charge is adequate for the guidance of the jury, failure to charge upon a special feature of the case will not, in the absence of request, ordinarily warrant a new trial. *Mavrides* v. *Lyon*, 123 Conn. 173, 176, 193 Atl. 605; *Parker* v. *Hartford*, 122 Conn. 500, 505, 190 Atl. 866; *Quackenbush* v. *Vallario*, 114 Conn. 652, 656, 159 Atl. 893.

There is no error.

In this opinion the other judges concurred.