BESSIE ZISKIN ET AL. *v.* BEATRICE M. CONFIETTO ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

630

Argued February 7—decided April 3, 1951

*Edward Seltzer* and *Joseph P. Kenny,* for the appellants (plaintiffs).

*Leo V. Gaffney,* with whom was *William F. Mangan, Jr.,* for the appellees (defendants).

BALDWIN, J.  The plaintiffs, who brought suit on the

grounds of both negligence and nuisance, claimed to have proved the following facts: The defendants owned a three-family tenement house. The plaintiffs were tenants and lived on the first floor. Entrance to the front was by way of a concrete walk which gradually sloped upward from the sidewalk to the veranda steps. The walk and steps were used in common by all the tenants and were under the defendants' control. There were no railings at the sides of the steps. The riser of the bottom step was slightly higher than the others. On December 31, 1945, rain, snow and sleet fell throughout the day until about 6 p. m. The temperature was freezing and the sidewalks were hazardous and slippery. About 10:30 that morning the defendant John Confietto had sanded the walk, but at 8 o'clock that evening it was still very slippery, the ice being one-sixteenth to one-eighth of an inch thick. There was no sand on the walk at that time. About 8 o'clock the plaintiff Bessie Ziskin, wearing rubbers, was descending the steps in a careful manner. When she reached the bottom she put her foot down on the walk. Because of the icy and slippery condition, the inadequate lighting, the lack of a handrail and the slope of the walk, together with the difference in the height of the bottom step as compared with the others, she slipped and fell, sustaining serious injuries.

The defendants' claims of proof were: The temperature did not reach freezing until 11 o'clock in the evening. The fall of any rain, snow or sleet had ended about 3 o'clock. During the afternoon the sun shone, it grew warmer, and the snow and ice melted. It did not appear for how long a period the icy condition claimed to have caused Mrs. Ziskin's fall had existed. The defendant John Confietto had sanded the walk at 10:30 in the morning, and as late as 4 o'clock in the afternoon there was still evidence of sand upon

it. Mrs. Ziskin slipped and fell after she had stepped off the bottom step and while both feet were on the walk clear of the steps. Her fall was due solely to the icy condition of the walk and her own negligence and was not caused by the absence of any handrailing, by inadequate lighting or by the variation in height of the risers of the steps.

The plaintiffs claim error in the refusal of the trial court to charge as requested. That the court did not use the specific language of the requests affords the plaintiffs no reason to complain. *Braithwaite* v. *Lee,* 125 Conn. 10, 15, 2 A. 2d 380. Their requests upon the issue of the defendants' liability may be thus summarized: The defendants as landlords had control of the common approaches with a right of entry for inspection or repair; they were charged with notice that the entrance walk was or was likely to become slippery because of the ice upon it; this imposed upon them the duty of correcting the situation; and the defendants were liable if they failed in that duty and had actual or constructive notice of the defect. The instructions given covered these claims and were correct, adequate and in accord with the established familiar principles applicable. *Smeriglio* v. *Connecticut Savings Bank,* 129 Conn. 461, 462, 29 A. 2d 443; *Hurlburt* v. *Sherman,* 116 Conn. 102, 105, 163 A. 603; *Reardon* v. *Shimelman,* 102 Conn. 383, 386, 128 A. 705. The plaintiffs requested the court to give to the jury the definition of a tenement house as contained in § 4049 of the General Statutes, and to instruct them that "all parts thereof shall be kept in good repair," quoting from § 4050. It appears from the claims of proof that it was undisputed that this was a tenement house and that the defendants had control of the walk and steps, implicit in which was the right to inspect and the duty to repair. The statute referred to does not impose upon the land-

lord the liability of an insurer for failure to inspect and repair the parts of the premises used in common by the tenants. He fulfills his duty when he uses reasonable care. *Fogarty v. M. J. Beuchler & Son, Inc.*, 124 Conn. 325, 328, 199 A. 550; *Aprile v. Colonial Trust Co.*, 118 Conn. 573, 580, 173 A. 237; *Chambers v. Lowe*, 117 Conn. 624, 629, 169 A. 912. The court's charge was in accordance with the law and its refusal to comply with the specific requests could not have prejudiced the plaintiffs.

The plaintiffs further complain that the court failed to charge the jury properly upon the landlords' duty of inspection, in view of the right of control, the proximity of the landlords' own dwelling and the nature of the particular defect. The requests of the plaintiffs did not deal specifically with these factors, as was requisite to entitle them to the more particular instructions in the respects which they now claim. *Lane v. Ludeman*, 131 Conn. 112, 117, 38 A. 2d 178; *Keating v. New London*, 104 Conn. 528, 534, 133 A. 586. The charge on the issues of inspection and notice was adequate and correct. *Morris v. King Cole Stores, Inc.*, 132 Conn. 489, 492, 45 A. 2d 710; *Greenwald v. Wire Rope Corporation of America*, 131 Conn. 465, 469, 40 A. 2d 748.

The plaintiffs claim error because the court charged in effect that if Mrs. Ziskin used the icy walk with knowledge, either actual or constructive, of its dangerous condition, she assumed the risk. At the conclusion of the charge the plaintiffs took an exception. The court recalled the jury and told them to disregard that portion of its charge in its entirety. This effectively cured any possible error. The plaintiffs also assign error in the refusal of the court to grant their request to instruct the jury that the fact that Mrs. Ziskin used the steps and walk knowing them to be slippery did not

charge her with contributory negligence as a matter of law, for this would depend upon the extent of her knowledge of the conditions, the likelihood that she would slip and the care which she used in walking over the steps and walk. The court charged the jury that the plaintiffs could not recover if the jury found that Mrs. Ziskin was negligent in some manner alleged in the special defense and that her negligence was a substantial factor in causing her injuries. The plaintiffs excepted to this charge and, the jury having been recalled, the court charged further that the fact that Mrs. Ziskin used the front steps and sidewalk knowing them to be slippery did not charge her with contributory negligence as a matter of law and that it was for them to decide as a question of fact whether she was guilty of contributory negligence. The charge taken as a whole was correct and adequate to present this issue properly to the jury. *Rescigno* v. *Rosner,* 124 Conn. 253, 255, 198 A. 751; *Gipstein* v. *Kirshenbaum,* 118 Conn. 681, 686, 174 A. 261.

During the trial the plaintiffs requested that the officer's return, showing that an attachment of real estate had been made, be removed before the original writ, summons and complaint were submitted to the jury. The court's denial of the request involved an exercise of its discretion, and it does not appear that it was abused or that the plaintiffs were prejudiced. *Proto* v. *Bridgeport Herald Corporation,* 136 Conn. 557, 568, 72 A. 2d 820.

The plaintiffs called a civil engineer as an expert witness and asked him whether the steps were in a reasonably safe condition. The court sustained the defendants' objection because it was not alleged in the complaint that Mrs. Ziskin had slipped or fallen on the steps. Thereafter, counsel for the plaintiffs were permitted to ask of the same witness whether, in view of

the slope of the walk, the flight of steps was reasonably safe. The witness testified that in his opinion the absence of a handrail combined with the higher riser in the first step made the steps dangerous. Considering the allegations of the complaint and the state of the proof at this point of the case, the court's ruling was correct.

The court was not in error in denying the motion to set aside the verdict. The evidence was substantially as recited in the claims of proof. The issues of negligence and contributory negligence presented questions of fact to be resolved by the jury on conflicting evidence. *Horvath* v. *Tontini*, 126 Conn. 462, 464, 11 A. 2d 846.

There is no error.

In this opinion the other judges concurred.