## ARZA BEARDSLEY *vs.* SUSAN WILDMAN.

The credit of a witness may be impeached by proof that he has made statements out of court on the same subject contrary to those made at the trial.

The party offering proof of these statements is not only permitted, but is bound, to give so much of the conversation in the course of which they were made, as will enable the triers to fully understand them; and it is no objection to the admission of the conversation that it does not relate to the subject matter of the suit.

And, to impeach the credit of the witness, it may be shown that there has been a quarrel between him and the party against whom he testifies. And it is not necessary that the quarrel should relate to the subject matter of the suit.

And where the party against whom the witness testifies has asked on cross-examination if there has been such a quarrel, he has not thereby made the witness his own, so as to preclude himself from contradicting him.

ASSUMPSIT, for keeping horses for the defendant; brought to the Court of Common Pleas for Fairfield County and tried on the general issue, closed to the court, before *Brewster, J.* Judgment for the defendant, and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*Todd,* in support of the motion.

*Booth,* contra.

PARDEE, J. Upon the trial of this action the plaintiff presented an account against the defendant comprising six items and amounting to $123; and introduced his son as a witness, who made oath to the correctness of the account.

The defendant put cross-interrogatories to him, for the purpose of eliciting admissions that a quarrel had arisen between him and the defendant concerning a matter which had no connection with the account in suit; that on various occasions he had made statements concerning his father's account, variant from each other, and from his testimony; and that he had used threatening language, and manifested an unkind feeling towards the defendant; to which cross-interrogatories he gave negative answers.

The defendant subsequently testified, as did other witnesses

introduced by her, that a quarrel had occurred between herself and the witness; that in the progress of it he used threatening language towards her; and that at one time he spoke of his father's account as consisting of one item only, representing $12 or $15, and at another, as being one item representing $18 or $19.

To the admission of the cross-interrogatories and the subsequent impeaching evidence, the plaintiff objected, on the ground that the subject matter of the quarrel was collateral to the issue ; and on the further ground that, if the cross-interrogatories were admissible, the defendant, by making the inquiries of the witness had so far made him her own witness, and could not contradict him. The court however admitted the cross-interrogatories and the contradicting evidence.

It is a well established rule that the credit of a witness may be impeached by proof that he has made statements out of court on the same subject contrary to what he swears at the trial, provided such statements are material to the question in issue.

The party offering proof concerning these variant statements, is not only permitted, but is bound to give so much of the conversation in connection with which they are said to have been made, as will enable the triers to know both their form and meaning. This conversation is admitted, not because the subject matter of it had any relation to the issue, primarily, but because the pertinent impeaching evidence was embedded in and could not be separated from it. This evidence, for the purposes of the case on trial, becomes the principal matter, bringing the conversation with it as an explanatory incident.

After the son had supported his father's account by his oath, his truthfulness became legitimately a point of attack. For the moment that was the question at issue; and as the testimony, received under objection, bore directly upon that point, it ceased to be collateral.

It is not necessary to the admissibility of proof of the contradictory statements that they should have been made in the

presence of the defendant; a witness can make evidence against himself in the absence of both parties.

And the defendant, by inquiring of the witness upon his cross-examination, with regard to his quarrel with her, did not preclude herself, upon his denying it, from showing that such a quarrel had existed.

A new trial is not advised.

In this opinion the other judges concurred.