### CHARLES McGINNIS *vs.* SIDNEY D. GRANT.

A witness, having testified in a case, afterwards stated out of court that he had testified falsely and had been hired by the party who called him to do so. Held that these statements might be proved in court for the purpose of discrediting his testimony.

And held that the court might in its discretion, either require that he be brought into court and examined before the jury, with an opportunity to the other party to cross-examine him, or allow his statements to be proved in court by the testimony of those who heard them.

An affidavit, taken by a magistrate, without the formalities of a deposition, is not admissible as evidence.

TRESPASS on the case, for fraudulently contracting a debt; brought to the Superior Court in Hartford County and tried to the jury before *Granger, J.* Verdict for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Chapman* and *Sill,* in support of the motion.

*A. P. Hyde* and *Calhoun,* contra.

PARK, C. J. Several questions are made in the motion

for a new trial in this case, but they were all substantially abandoned in the argument, except one, which is thus stated in the motion:

" Upon the trial the defendant offered as a witness one Martin V. Chapman, of Philadelphia, who testified regarding certain important facts which were in issue. Afterwards Chapman stated to D. S. Calhoun, one of the attorneys for the plaintiff, that the statements which he had made in court were false, and that he had been hired by the defendant to make them ; and he thereupon made affidavit that the statements were false, and that he had been so hired, before L. E. Stanton, a justice of the peace for Hartford County. The plaintiff offered this statement of Chapman in evidence for the purpose of impeaching his testimony, and of showing that he was unworthy of credit. To this evidence the defendant objected, on the ground, first, that a witness could not be permitted to discredit his own testimony by statements made subsequently and not in court; second, that Chapman should have been put on the witness stand and asked if he had made such statements ; and third, that the defendant had a right to cross-examine him. It appeared that the witness had left the city and could not be called. The court overruled the objection, and admitted the affidavit in evidence."

If the defendant had made the same objection to the evidence in the court below that he now makes, namely, that the affidavit itself was not proper evidence of the facts which it purported to state, the objection would have been well taken. There was no evidence that the affidavit was in the hand-writing of Chapman or signed by him ; neither was the writing in the form of a deposition. The instrument was no more evidence of the facts which it stated, than any other writing would have been, picked up in the street and brought into court. But objection to the evidence was not made on this ground. If it had been, the plaintiff was probably prepared to prove that Chapman did in fact make the statement before the justice of the peace which the affidavit purports to make. We think it is too late now to make this objection.

The objections to the evidence which were made, were not

well founded. The first was, that " a witness cannot be permitted to discredit his own testimony by statements made subsequently and not in court." There is nothing in this objection. A declaration made, after a witness has testified in court, that contradicts or impeaches his evidence, would be as much entitled to consideration as a like declaration made before he testified.

The second objection is, " that Chapman should have been put on the witness stand and asked if he had stated that his testimony on the trial was false." We think the case of *Hedge* v. *Clapp*, 22 Conn., 262, settles this question. It is there held that the matter is one for the sound discretion of the court under all the circumstances of the case. What is thus the subject of discretion is never the subject of review in actions at law. We see nothing in this objection. The third objection was, that the plaintiff ought to put Chapman upon the stand in order that the defendant might have an opportunity to cross-examine him. This claim is substantially the same as the one we have just considered, that the witness should be first examined as to his declarations out of court. The whole is a matter for the discretion of the court. Here the witness had left the city and could not be called, and the court properly considered this a reason why his presence in court should not be required.

A new trial is not advised.

In this opinion the other judges concurred.