## Eliza J. Woodroffe *vs.* Eliza A. Jones.

### Cumberland.   Opinion June 3, 1890.

*Evidence.   Contradicting negative statements.*

The negative statement of a witness relative to the issue on trial, but having no probative force, can not be contradicted by showing his statement to the contrary out of court, neither to impeach his credibility, nor to prove the fact denied.

ON EXCEPTIONS.

The case is stated in the opinion.   A verdict was rendered in favor of the defendant, and the plaintiff excepted to the rulings of the superior court, for Cumberland county, in admitting testimony offered by the defendant to contradict certain statements of the plaintiff's husband made on cross-examination.

*Drummond and Drummond*, for plaintiff.

*Henry C. Peabody*, for defendant.

HASKELL, J.   Case for negligence in maintaining a defective walk, whereon plaintiff sprained her ankle.   Defendant contended that plaintiff was negligent herself, in wearing a pair of high-heeled shoes that contributed to the accident.

On cross-examination, the plaintiff's husband, who, on direct-examination, had identified a pair of shoes produced as the shoes worn at the time of the accident, denied that he had spoken to his wife about the heels of her shoes ; and denied that he told any one that he had done so ; thereupon, defendant called a witness, who was allowed, against plaintiff's objection, to testify that just after the accident he heard the husband say "that he told his wife about wearing such high-heeled boots." The case comes up on exception to the admission of this testimony.

I.   The testimony admitted is incompetent to prove, either that the plaintiff wore high-heeled shoes, or that her husband had cautioned her about wearing them, because it is hearsay ;

and yet, although it does not tend to prove any material fact in the case, and may, therefore, be said to be immaterial, it is of that mischievous character, likely to be taken by the jury to prove both, and cannot be considered harmless.    *Royal* v. *Chandler*, 81 Maine, 118.

II.    Nor is the testimony admissible as contradicting the denial of the witness, and thereby tending to impeach his credibility ; for the witness testified to a negative that had no probative force in the case ; and his testimony, sought to be contradicted, was entirely irrelevant and immaterial ; and, moreover, was brought out by the defendant's counsel.    Professor Greenleaf says :  " But, it is only in such matters as are relevant to the issue that the witness can be contradicted."    1 Gr. § 462.

Immaterial testimony and testimony collateral to the issue should not be confounded ; for the former is not always collateral.    In the case at bar, the questions bringing out the answers sought to be contradicted are relevant, and not concerning collateral matters ; but the answers to them are immaterial, inasmuch as they tend to prove no fact having the slightest bearing upon the issue on trial, viz : the plaintiff's negligence in wearing high-heeled shoes.    It was of no more consequence to prove that the witness had not spoken to his wife, the plaintiff, about wearing them, than it would have been to have proved that each of her hundred neighbors had not done so.    The test is, does the evidence sought to be contradicted, tend to prove or disprove any issue on trial.    Could the plaintiff, in this case, have proved her own care and prudence in wearing high-heeled shoes by showing that her husband had never told her that they were unsafe ? If not, then the testimony of her husband denying that he had so told her, by whomsoever drawn out, was immaterial and worthless in the case, and, therefore, not to be contradicted by showing that the husband had stated the contrary out of court.    Were it not so, as said by this court, "a party has only to procure some one to assert the facts essential to his case, out of court, in the presence of others, call him as a witness, and, when he refuses to confirm his assertions under oath, call those who heard him make them

to impeach his denial or want of recollection,— Q. E. D. the witness is fairly proved, by reputable witnesses, to have lied when he told the truth in court, and the ready inference is, that he told the truth out of court when, in fact, he lied." *State* v. *Reed*, 60 Maine, 555; *Coombs* v. *Winchester*, 39 N. H. 13; *Smith* v. *Royalton*, 53 Vt. 604; *Beardsley* v. *Wildman*, 41 Conn. 515; *Eames* v. *Whittaker*, 123 Mass. 342; *Shurtleff* v. *Parker*, 130 Mass. 293.

III.   It is not the opinion of a majority of the justices, however, that the evidence admitted is incompetent to contradict the testimony-in-chief of the witness, that the shoes produced were those worn at the time of the accident; and for that reason the order is

*Judgment on the verdict.*

All concur.