## SARAH GIPSTEIN *vs.* EVA KIRSHENBAUM.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 14th—decided July 27th, 1934.

*Jacob Schwolsky,* for the appellant (plaintiff).

*Charles J. McLaughlin,* for the appellee (defendant).

HINMAN, J. According to the finding, after such requested corrections as we are able to make, the facts of which the plaintiff offered evidence and claimed to have proved include the following which are material to a discussion of the assignments of error: On December 21st, 1932, the defendant owned a two-family house, purchased in February, 1932, and occupied the first floor; the plaintiff for about two months had been a tenant of the second floor, and each used two rooms on the third floor. A rear stairway leading from the first to the second and third floors was under the control and supervision of the defendant and was used in common by both plaintiff and defendant. The plaintiff generally used the front stairway, but once a day or so used the rear. When the defendant purchased the premises there were on the stairway rubber mats, one on each of the first three treads from the bottom and one on each of the first three treads from the top. These mats were corrugated on top and smooth on the bottom, their width was approximately the same as that of the treads of the stairs, they were somewhat shorter than the width of the stairway, and they were not fastened to the treads.

The condition of the stairway and mats had not changed up to the time of the accident. Owing to the facts that the mats were smooth on the bottom, the treads of the stairs smooth, and the mats shorter than the width of the stairway and not fastened, it was likely they would slip forward and overlap the treads. The plaintiff started to descend the rear stairway and as she stepped on the first step below the landing she felt that the mat had been moved forward and was overlapping the tread so that it gave her no support, and she fell down the stairway and was injured.

The complaint alleged that the mats "were allowed to be loose and overlap the top or tread of each step in such manner as to deceive one as to the width of the top or tread," and the trial court correctly construed further allegations as setting up three bases of recovery: first, that the overlapping of the mats created an inherently dangerous condition which was a nuisance; second, that through a natural tendency to create danger and inflict injury the condition was a nuisance which the defendant was negligent in permitting to remain and exist; third, that the defendant was negligent in failing to perform her duty to exercise reasonable care to maintain the stairway in a reasonably safe condition. The court charged that the evidence did not support the first of these, and this is assigned as error. If the evidence had established or tended to prove that the overlapping was created by the defendant and was a continuing condition, this criticism might have been well taken. However, the finding reveals that the most that the plaintiff could claim to have proved from the evidence offered was that the mats were likely to slip forward when stepped upon and, in consequence of such slipping, overlap the treads, and that, at the time of the accident, one of them had so moved and overlapped, but there was no

evidence as to how long it had been in that situation. There was not disclosed a condition so permanent or continuing and so inherently or intrinsically dangerous and a menace to the safety of users as to constitute what has been characterized as an "absolute" nuisance. *Hoffman* v. *Bristol,* 113 Conn. 386, 392, 155 Atl. 499; *Hill* v. *Way,* 117 Conn. 359, 363, 168 Atl. 1. "A mere tendency to injury is not sufficient, there must be something actually appreciable which of itself arrests the attention, that rests not merely in theory, but strikes the common sense of the ordinary citizen." Joyce, Nuisance, p. 30. It must be such as to obviously expose another to probable injury. *Welz* v. *Manzillo,* 113 Conn. 674, 683, 155 Atl. 841; *Norwalk Gaslight Co.* v. *Norwalk,* 63 Conn. 495, 527, 28 Atl. 32. Upon the state of proof reflected by the finding, withdrawal of this element from the consideration of the jury was justified. The situation is quite distinguishable from that in *Majestic Theater Co.* v. *Lutz,* 210 Ky. 92, 100, 275 S. W. 16, in which it was open to the jury to find that the steps there in question were permanently so smooth and slippery as to be obviously dangerous to one using them in the ordinary way and exercising reasonable care.

The portion of the charge relating to the second claimed basis of recovery—nuisance grounded on negligence—was sufficient to make clear to the jury that the defendant would be liable for either the creation or the continuance, through her lack of reasonable care, of a condition the natural tendency of which was to create danger of injury. The finding is that the situation pertaining to the mats on the stairs was the same when the defendant purchased the property as at the time of the accident. The charge pointed out that if the jury found it to constitute a nuisance in the sense above mentioned, the fact that it existed before the

defendant became the owner would be immaterial to her liability. "She would be responsible for maintaining it after she obtained the property, not, of course, for what existed there before she obtained it; but there would be no distinction between the creation of the nuisance and the continuance of the nuisance after she acquired the property provided it continued as a result of lack of reasonable care upon her part in taking care of the safety of the stairway." This stated the correct rule. Where one is not the creator of a nuisance but, as by becoming the owner of the property upon which it exists, comes under the duty to remove the danger, failure to do so involves a question of negligence, and he may be held liable therefor if he has notice, actual or constructive, of the situation and its potentialities. *Fuller* v. *Andrew,* 230 Mass. 139, 146, 110 N. E. 694; *Hayes* v. *Brooklyn Heights R. Co.,* 200 N. Y. 183, 93 N. E. 469; 45 C. J. p. 634.

The charge may not fairly be construed, as we understand the plaintiff to claim, as conveying to the jury an impression that notice by the tenant to the landlord was essential to the latter's liability. While it was stated, truly, that in many instances it is the duty of the tenant to notify the landlord, it was made abundantly clear that, without actual notice through such notification, there is imputed to a landlord knowledge of conditions in premises under his control which would be acquired by reasonable inspection and supervision.

It appears of record that during the trial the plaintiff withdrew the allegation of her complaint setting up, as a specification of negligence, failure to provide hand-rails for the stairway, and the trial court was warranted in withdrawing from the consideration of the jury the fact of the absence of such rails as "an

act or omission of a negligent character upon the part of the defendant."

After referring to the evidence that the plaintiff had lived in the tenement for a considerable time, and stating that the defendant claimed that the plaintiff either had knowledge of the condition as to the mats or "in the exercise of due care . . . while in the use of the stairs would have acquired such knowledge," and was contributorily negligent in failing to take such precautions as she should in the light of that knowledge, the court charged the jury as follows: "The mere fact that she may have known of a dangerous condition on the stairs, and that the condition now complained of was that dangerous condition, does not in itself make her guilty of contributory negligence. Her duty, under such circumstances, was to so conduct herself in going down the stairs as a reasonably prudent person would, having knowledge of a dangerous condition. That, of course, might impose more care and caution upon a person than would be the case otherwise; but it is for you to find just what degree of caution was required of her in going down the stairs there when she knew that the presence of the mat loose upon the tread was a dangerous condition, and one likely to result in injury to her; and then determine whether or not she did take the precautions, give the attention to what she was doing, and how she was doing it, which a person using reasonable prudence, doing the same thing, knowing of the dangerous condition, would have done. If she did, she was not guilty of contributory negligence. If she failed in that she was guilty of negligence; and if she was guilty of contributory negligence, cannot recover."

The appellant complains that these instructions assumed that there was imputed to her not only knowledge of the condition of the stairs but also comprehen-

sion of the risk or danger arising therefrom. In order to hold the plaintiff contributorily negligent it must be found not only that she had or with reasonable care should have had knowledge of the condition, but also that she comprehended, or in the exercise of reasonable care should have realized, that risk or danger might result therefrom. *Johnson* v. *Pulidy,* 116 Conn. 443, 447, 165 Atl. 365; *Snow* v. *Coe Brass Mfg. Co.,* 80 Conn. 63, 66 Atl. 881; 45 C. J. p. 947. While the evidence as to the length of the plaintiff's tenancy and the extent of her use of the stairs might well be held such as to impute to her knowledge of the situation as to the mats, she is justified in her claim that existence of the further essential fact that she apprehended, or in the exercise of reasonable care should have realized, the danger that might arise therefrom through the slipping of a mat so as to overlap the tread, remained at least a jury question. In assuming this fact, as the charge imports, there was error. The finding discloses that the defendant offered no evidence to combat the plaintiff's claims as to nuisance and defendant's negligence, and indicates that she depended upon a contention that upon the evidence introduced by the plaintiff she was chargeable with contributory negligence. Therefore the latter issue apparently was determinative of the verdict, and the defect in the charge thereon must be regarded as harmful and necessitating a new trial.

The single assignment purporting to be based upon a ruling on evidence is faulty in not being predicated on a question objected to and excluded. Rules of Supreme Court, § 6, Practice Book, p. 307. It also appears from the record that the ruling became academic by reason of subsequent developments.

There is error and a new trial is ordered.

In this opinion the other judges concurred.