IGNATZ HORVATH *v.* IDA TONTINI ET AL.

HELEN HOLECZ, ADMINISTRATRIX (ESTATE OF
ALEXANDER HOLECZ) *v.* IDA TONTINI ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 9—decided March 6, 1940.

*David Goldstein* and *Sydney P. Simons*, with whom was *Henry Greenstein*, for the appellants (plaintiffs).

*DeLancey Pelgrift*, for the appellant (named defendant).

*Martin E. Gormley*, for the appellee (defendant The Phillips Petroleum Company).

HINMAN, J. In the afternoon of July 6, 1938, an automobile owned and driven by Alexander Holecz, in which four other men were riding, proceeding westerly on the road from Shelton toward Bridgeport, came into collision with a car owned by Ida Tontini and operated by her son, and then with a truck of the Phillips Petroleum Company, both of which latter vehicles were traveling easterly. All five occupants of Holecz's car were severely injured and he and one other died as a result. In actions brought on behalf of the estates of the two deceased and by the other three, against Mrs. Tontini and the Phillips Company, tried together, verdicts for the plaintiffs against both defendants were returned but, on motion, they were set aside as to the Phillips Company. From this action the plaintiffs appealed, as did Mrs. Tontini from the denial of her motions to set aside the verdicts as against her.

The trial court's memorandum, as to the verdict against the Phillips Company, indicates that it regarded the plaintiffs' evidence tending to support it as so slight that it held that the verdict, as to it, was "not founded upon reasonable evidence" but apparently was "a result of prejudice or sympathy." The tenability of this conclusion as justification for the

court's action is the determinative issue on the plaintiffs' appeals. A trial court in passing upon a motion to set aside a verdict and this court in reviewing its action thereon are limited by established legal principles. Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court and this court be that a different result should have been reached. The credibility of each witness and the weight to be accorded to his testimony is for the jury and the evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable. *Anderson* v. *Colucci,* 119 Conn. 241, 244, 175 Atl. 681; *Toth* v. *Perry,* 120 Conn. 680, 681, 182 Atl. 464; *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 Atl. 863. Cases sometimes occur, however, in which it is so manifest that the jury must have been moved by inadmissible influences such as prejudice, partiality or excessive sympathy that a verdict may be set aside even if there was some evidence in favor of the prevailing party. *Mlynar* v. *Merriman & Sons, Inc.,* 114 Conn. 647, 650, 159 Atl. 658; *Jump* v. *Ensign-Bickford Co.,* 117 Conn. 110, 115, 167 Atl. 90; *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 Atl. 169. Exceptional instances in which this may be done are illustrated by the cases above cited, where the only testimony supporting the verdict was in conflict with indisputable physical facts or was otherwise demonstrated to be either intentionally or unintentionally untrue, leaving no real question of conflict of evidence for the jury concerning which reasonable minds could reasonably differ. *Mlynar* v. *Merriman & Sons, Inc.,* supra, 650. There also may be cases in which the verdict is so palpably

against the evidence as to warrant a conclusion that the jury has been so swayed by prejudice or sympathy as to disregard the decisive preponderance. *Levy* v. *Bromberg,* 108 Conn. 202, 204, 142 Atl. 836; *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 Atl. 91.

Although we may make reasonable assumptions in support of a trial court's action in setting a verdict aside, we are bound to determine whether or not it was justified upon the record before us. When that discloses no more than a case of conflicting evidence depending for its solution upon the credibility of witnesses we must recognize the "immovable limitation" on the legal discretion of the court imposed by the right of the parties to have the issues "passed upon by the jury and not by the court." *Robinson* v. *Backes,* 91 Conn. 457, 460, 99 Atl. 1057. It may well be that, as the trial court indicated in its memorandum in these cases, the "cold record" cannot depict the trial in its entirety, but confinement to the record is also an "immovable limitation" upon our inquiry and we must base our decision thereon, without the benefit of intangible considerations not appearing or fairly deducible therefrom. Another consideration is that when, as in the present cases, the jury visits and inspects the locus, what they observed and its effect necessarily cannot be made to appear from the record.

The record discloses an even unusual conflict of evidence as to material facts attending the collisions. The three surviving passengers in the Holecz car agreed in testifying that three cars approached in the opposite direction, the first being driven by a Mr. Buckli, the second the Phillips truck, and the third the Tontini car; that after making one unsuccessful effort the Tontini car passed the truck and continuing on its left side of the road attempted to pass the Buckli car and in doing so struck the left rear wheel of the Holecz

car, diverting the latter to its ·left side of the road where it was struck by the Phillips truck and practically demolished, most of the injuries to the occupants being sustained from the second impact. According to the driver of the Tontini car he was traveling on his right side of the road in a line led by a trailer truck referred to as Deptula's, followed by the Tontini car, the Buckli car, and the Phillips truck in that order, when the Holecz car, approaching at a high speed, veered suddenly to its left, struck his car, and then collided with the Phillips truck. Buckli and the Phillips driver agreed with Tontini as to the order in which the cars were proceeding, but neither testified definitely as to the circumstances of the first collision between the Tontini and Holecz cars. Buckli stated that the latter came into his lane after the first collision, but he succeeded in avoiding it. The Phillips driver testified that he did not see the first collision but saw the Buckli car swerve to the right, whereupon he did likewise and applied his brakes, and that the Holecz car came from the left and hit his truck. Evidence of others who were not eyewitnesses and the exhibits afforded some corroboration of each of the conflicting versions.

There were similar direct conflicts of evidence as to the speeds at which the respective cars were traveling, the distances intervening between the eastbound cars, the position, as to distance, of the Phillips truck at the time of the first collision, and as to other material details, which it would be unprofitable as well as impractical to discuss in detail. It is sufficient to present purposes to state that the evidence presented for the plaintiffs, if credited by the jury as against the irreconcilably conflicting evidence for the defendants, suffices to support a finding of negligence on the part of the driver of the Phillips truck warranting recovery under

specifications of the complaint. Its speed, if as testified to by the plaintiffs, might be held excessive under the circumstances, and if their testimony be accepted as to the distance of the truck from the first collision when it occurred, it would not be unreasonable to hold that with proper lookout he could have seen a situation developing in view of which reasonable care required much earlier efforts to avoid participation in it, such as to stop, or at least reduce speed, change course, or otherwise. We are not able to find in the record sufficient cause to preclude the jury from crediting this evidence to such an extent as at least to support a verdict on this issue and the same is true as to the element of proximate cause. If the facts as to the collision accorded substantially with the plaintiff's version, the second impact clearly was a substantial factor in causing the plaintiffs' injuries. *Corey* v. *Phillips,* 126 Conn. 246, 254, 10 Atl. (2d) 370.

If the first collision occurred as the plaintiffs' evidence indicates, the verdicts against the defendant Tontini were fully warranted. Argument on her behalf predicated upon the physical facts as to presence and location on the road of debris from the cars has scant support in the testimony relied upon, which is conspicuously indefinite.

There is error on the plaintiffs' appeals and the cases are remanded with direction to render judgments on the verdicts, against the defendant Phillips Petroleum Company as well as against Tontini. There is no error on Tontini's appeals.

In this opinion the other judges concurred.