GEORGE KERRIGAN v. THE DETROIT STEEL
CORPORATION ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 8—decided July 7, 1959

*DeLancey Pelgrift* and *Robert Y. Pelgrift,* for the appellants (defendants).

*Theodore I. Koskoff,* with whom were *Francis J. Moran* and *Frank J. Hennessy,* for the appellee (plaintiff).

KING, J.  The plaintiff, a pedestrian, recovered damages for personal injuries claimed to have been sustained when he was struck by a tractor-trailer truck owned by the named defendant and operated by its admitted agent, the defendant Adam C. Schmaelzle.  The basic question on this appeal is whether the evidence supports a verdict for the plaintiff.  The defendants claim not only that the evidence fails to support a conclusion that the defendant operator was negligent but also that it requires as matter of law a conclusion that the plaintiff was chargeable with contributory negligence.  The court denied the defendants' motion for judgment notwithstanding the verdict and their alternative motion to set aside the verdict as against the evidence.

"While our rule as to the setting aside of a verdict as against the evidence has been stated in a variety of ways, the rule itself has remained unchanged.  If,

on the evidence as presented and under the pleadings, the jury could have reasonably found in accordance with the verdict as rendered, then it cannot be set aside as against the evidence." *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 154, 139 A.2d 812. "[T]he evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable." *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846. The facts which the jury might have found will be summarized.

The Boston Post Road, in Fairfield, consists of four nine-foot lanes, the two nearest the center line being blacktop and the other two concrete. The shoulders are blacktop and the one to the south is eleven feet wide. Sullivan's Grill is on the south side in the middle of a block. January 11, 1955, was a clear day and the roadway was dry. At about 3:20 p.m., the defendants' tractor-trailer truck was proceeding easterly, on the outer concrete lane, at a speed of ten to twelve miles per hour. About 250 feet east of Sullivan's Grill was Miller Street, and about 300 feet farther east was Reef Road. An overhead traffic light at the Reef Road intersection also controlled traffic at the Miller Street intersection. The plaintiff, a route salesman for a laundry company, had parked his truck on the north side of the Post Road to solicit the business of Sullivan's Grill. Upon leaving the grill to return to his truck, he walked between the cars which were parked on the south shoulder three or four feet in from the concrete lane, stopped at the south edge of that lane, looked to the left and saw the defendants' oncoming truck some 200 feet away with no intervening traffic, looked to the right to observe the Reef Road traffic light to ascertain when it would turn red and thereby stop traffic at the Miller Street intersection, started

to turn his head back, and was struck. As a pedestrian, especially standing on the shoulder, even though at the edge of the south lane, he was not without rights. *Caschetto* v. *Silliman & Godfrey Co.*, 126 Conn. 22, 24, 9 A.2d 286.

The truck was being operated with the right rear wheel of the tractor and the right wheels of the trailer six inches in from the south edge of the concrete lane, more or less. The plaintiff did not actually see the truck strike him, and the defendant operator did not see the plaintiff at all. Both parties relied to a considerable extent on circumstantial evidence. *Hennessey* v. *Hennessey*, 145 Conn. 211, 214, 140 A.2d 473. It was the plaintiff's claim that the lower right front corner of the trailer struck him, knocking him to the pavement. There was no real dispute that he was run over by the right rear wheel of the trailer. The jury were not required to accept the defendants' evidence that the plaintiff fell in the road under the trailer as it was passing. Indeed, its minimum ground clearance was but nine inches. The plaintiff's claim was fortified by the lack of intervening traffic and the brush marks found at the lower right front corner of the otherwise dusty trailer. The distance between the outer edges of the front wheels on the tractor was eighty-four inches, and between the outer edges of the dual rear wheels, ninety-six inches. The corresponding measurements for the dual-wheeled trailer were also ninety-six inches, and the rear wheels of the tractor as well as the wheels of the trailer were about flush with the trailer body.

While the case was not a strong one, the jury could reasonably find that the plaintiff was standing still on the south shoulder at the edge of the concrete lane; that the defendant operator was negligent in

not seeing him there and either sounding his horn or swerving to avoid the danger that the plaintiff would be struck by the trailer, which was wider than the front of the tractor; and that the operator's failure so to do was a proximate cause of the plaintiff's being hit by the trailer, knocked down and then run over by its right rear wheel. *Palombizio* v. *Murphy,* 146 Conn. 352, 357, 150 A.2d 825. Whether this court would have so decided as the trier of the fact is immaterial. *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846. We are concerned only with what the jury could find on the evidence construed most favorably to the plaintiff. While the absence of evidence of injury on the left side of the plaintiff's head weakens his case, it cannot be said that as matter of law it prevented the jury from finding that he was grazed and knocked down by the trailer.

Although it turned out that the plaintiff should have stood farther in on the shoulder, it was not necessary that the jury find that in the exercise of reasonable care he should have known this, especially in the light of the difference in width between the front of the tractor and the body of the trailer, which must have been well known to the defendant operator. It cannot be said that as matter of law the defendants sustained their burden of proving contributory negligence.

Since the court correctly refused to set aside the verdict as against the evidence, it necessarily properly denied the motion for judgment notwithstanding the verdict. *Mott* v. *Hillman,* 133 Conn. 552, 555, 52 A.2d 861; Practice Book § 234; *Fisher* v. *Jackson,* 142 Conn. 734, 738, 118 A.2d 316.

There is no error.

In this opinion DALY, C. J., and MELLITZ, J., concurred.

Murphy, J. (dissenting). While it is true that in passing upon a trial court's action denying a motion to set aside a verdict or a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the support of the verdict and that the verdict must stand if on all of the evidence reasonable persons could reasonably arrive at such a verdict, it is also the duty of the court to set the verdict aside when it is apparent from physical facts or other evidence compelling belief that the jury were swayed by improper motives. *Joanis* v. *Engstrom,* 135 Conn. 248, 251, 63 A.2d 151; *Howe* v. *Raymond,* 74 Conn. 68, 71, 49 A. 854. The verdict in this case was manifestly against the evidence.

The trial court did not file a memorandum of decision on its action denying the motions. This is unfortunate, because a memorandum in a case such as this would have disclosed the rationale of the trial court's decision and would have been very helpful to this court in reviewing it. See *Butler* v. *Steck,* 146 Conn. 114, 119, 148 A.2d 246; *Fairbanks* v. *State,* 143 Conn. 653, 660, 124 A.2d 893.

There was no evidence that the defendants' vehicle swerved from its course or that the plaintiff was struck by any part of the tractor or trailer before the wheel ran over him. A very strained attempt is made to draw an inference from the presence of so-called brush marks at the lower right front corner of the trailer that this portion of the vehicle had struck him. The brush marks were reddish-brown smears on the two ridges of the bracket and light located at that corner. Toxicological examination of the light, the bracket and the smears showed that they were not bloodstains as suspected by the police. Similar smears from the

tread of the outer tire of the right rear wheel were definitely found to contain human blood. To have been able to draw the inference, the jury must have had facts from which the inference could reasonably and logically be drawn. *Bruce* v. *McElhannon,* 141 Conn. 44, 48, 103 A.2d 335. As there were no facts in this case from which the inference could have been drawn, the jury were permitted to speculate and guess. A disinterested witness produced by the plaintiff testified that she saw him bracing himself against the building housing Sullivan's Grill and that he walked unsteadily to the curb, started out into traffic, unsteadily backed up as cars approached, and leaned against the fender of a parked car. The truck then went by and the witness next saw Kerrigan lying in the road. Another disinterested witness saw Kerrigan shake back and forth, grasp for the door handle of a parked car and then fall backwards under the rear wheel of the trailer.

Even if we assume, under the rule of *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846, and *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 154, 139 A.2d 812, stated in the majority opinion, that there was ground for a reasonable difference of opinion among open-minded jurors as to whether the plaintiff's injuries were sustained in the manner described by the witnesses or were sustained, as the plaintiff claims, as he stood at the edge of the concrete lane while the truck approached him from the point where he first saw it, 200 feet away, and struck him, he was nevertheless guilty of contributory negligence as a matter of law. *Lutzen* v. *Henry Jenkins Transportation Co.,* 133 Conn. 669, 673, 54 A.2d 267 (dissenting opinion). He was well aware of the danger in crossing Post Road traffic. A

person standing close to the edge of a heavily traveled highway is bound to exercise a degree of care commensurate with prevailing conditions and has no right to calculate close chances of avoiding injury and throw the risk of failure on the other party. *Gipstein* v. *Kirshenbaum,* 118 Conn. 681, 687, 174 A. 261; *Sistare* v. *Connecticut Co.,* 101 Conn. 459, 465, 126 A. 688; *Snow* v. *Coe Brass Mfg. Co.,* 80 Conn. 63, 68, 66 A. 881.

The trial court should have granted the motion for judgment notwithstanding the verdict.

In this opinion BALDWIN, J., concurred.