[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT
The defendant has moved for a judgment notwithstanding the verdict on the following two grounds, which it also raised in its Motion for Directed Verdict: 1) there was no expert testimony that the defendant's negligence proximately caused the plaintiff's injuries; and 2) the plaintiff failed to present any expert testimony on the applicable standard of care ordinarily exercised by health care providers in similar cases.
In this case there was evidence that Jerome Byrd, the original plaintiff, now the plaintiff's decedent, was a stroke victim who had great difficulty walking and could only do so for very short distances with the aid of a walker or a four-legged cane. Two days after he was admitted to Jefferson House, a nursing home affiliated with Hartford Hospital, he was left alone in the television room. He attempted to walk from his wheelchair to another chair and in doing so fell and broke his hip.
The plaintiff's expert testified that Mr. Byrd was at risk for falling and that the Jefferson House staff should have repeatedly warned him about the risks of trying to walk unattended. Such repeated warning is known as "reinforcement." The plaintiff's expert opined that proper care by the Jefferson House required that it either 1) reinforce Mr. Byrd; 2) supervise him; or 3) restrain him. The purpose of each of the three foregoing care requirements was to insure that Mr. Byrd did not fall and injure himself while attempting to walk on his own and unattended.
In deciding this motion, the evidence must be construed in the manner most favorable to the plaintiff. Kerrigan v. Detroit Steel Corporation, 146 Conn. 658, 662 (1959). Under such a construction the jury could reasonably and logically have drawn, the inference that Mr. Byrd probably would not have walked on his CT Page 8061 own if the defendant had exercised the proper care. Therefore, there was sufficient evidence that the defendant's negligence proximately caused the plaintiff to walk on his own, fall and break his hip.
The test of the sufficiency of proof of proximate cause by circumstantial evidence is whether rational minds could reasonably and logically draw the inference. The proof need not be so conclusive that it precludes every other hypothesis. Console v. Nickou, 156 Conn. 268, 275 (1968).
The defendant's second claim is apparently based on the language of the hypothetical questions addressed to the plaintiff's expert. The expert was asked whether the defendant's failure to reinforce, supervise or restrain Mr. Byrd constituted a violation of the "American Nurse's Association standard for gerontological nursing care and nursing home standards." See pp. 26, 27, transcript of testimony of Kathleen Sterben Meyer appended to Motion for Judgment Notwithstanding the Verdict. The defendant claims that Ms. Sterben Meyer, the plaintiff's expert, did not specifically testify that the aforementioned standards applied to the Jefferson House.
When construed in a manner most favorable to the plaintiff, the language of the hypothetical question, which referred to "nursing home standards" was sufficient to establish that the standards of care referred to did apply to the Jefferson House and similarly situated nursing homes. Moreover, there was testimony that the plaintiff's expert was familiar with nursing home standards of care in New England. The defendant's expert stated that the American Nurse's Association standards were phrased in broad terms and the specific requirements of care about which Ms. Sterben Meyer testified were not found in the standards. Thus, to focus only on those standards and the absence of specific testimony connecting them with the Jefferson House constitutes an overly narrow view of the expert testimony.
The court can review the entire substance of an expert's testimony to determine the legal sufficiency of the expert's opinion. Struckman v. Burns, 205 Conn. 542, 555 (1987). When this is done, the conclusion is inescapable that the standards of care identified by the plaintiff's expert applied to the Jefferson House and other similarly situated nursing homes.
For the foregoing reasons, the Motion for Judgment Notwithstanding the Verdict is denied.
BY THE COURT, AURIGEMMA, J. CT Page 8062