[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this intersection accident, the jury rendered a verdict in favor of the defendant.
The evidence may be briefly summarized as follows:
The plaintiff testified that as he was travelling south on Bruce Avenue in the town of Stratford, the defendant, travelling east on Graham Street, passed a stop sign at the southwest corner of Graham Street and collided with the plaintiff's vehicle. The defendant testified that she had stopped at the stop sign and was CT Page 11287 hit as she was so stopped.
In support of his motion to set the verdict aside, the plaintiff argued that the physical evidence refuted the verdict and that the jury must have been motivated by sympathy for the defendant who was physically disabled. Specifically, the plaintiff argued that for the collision to have occurred in the manner contended in the defendant's version, the plaintiff's vehicle somehow veered right from the cross street, drove across the curb and around a telephone pole on the northwest corner of the intersection, and struck the defendant's car broadside with the right front of his car. Exhibit C, a photograph, does not clearly demonstrate that such was a physical impossibility. Plaintiff's Exhibit H, a police report introduced into evidence, places the cars in the intersection at the point of impact. The police officer, however, did not testify and was not subject to cross-examination.
The standard to be applied in a request to set a verdict aside is the duty of the court to set a verdict aside "if its manifest injustice [is] so plain and palpable as to justify the suspicion that the jury or some of its members were influenced by prejudice, corruption, partiality or mistake." "And this is true even if the evidence was conflicting, and there was direct evidence in favor of the plaintiff. . . ." Hagstrom v. Sargent, 137 Conn. 556, 559. However, caution must be exercised "to avoid infringing upon the jury's prerogative of determining the issues of fact." Hagstrom v.Sargent, supra.
While the court might have decided this case differently, it cannot substitute its judgment for the decision of the jury. "The credibility of each witness and the weight to be accorded to his testimony is for the jury and the evidence must be given the most favorable construction in support of the verdict of which it is reasonably possible" Horvath v. Tontini, 126 Conn. 462,464; Riccio v. Abate, 176 Conn. 415, 418. As our Supreme Court stated in the case of Mansfield v. New Haven, 174 Conn. 373
at pg. 375,
"The right to a jury trial is fundamental in our judicial system and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded CT Page 11288 men passed upon by the jury and not by the court."
Nothing unusual occurred during the course of this trial to indicate that the jury was influenced by partiality, prejudice, mistake or corruption. Counsel for the plaintiff simply asks this court to adopt the plaintiff's version of the evidence as against the defendant's. This would result in the court's usurpation of the jury's function and prerogative.
The motion to set aside the verdict is denied.
BELINKIE, JUDGE-REFEREE